AMERICAN BOARD OF COMMISSIONERS FOR FOREIGN MIS-
SIONS : APPEAL FROM PROBATE.

No formality is required in the presentation of a claim against an insolvent
estate, to the commissioners upon such estate.  Such a presentation as
will enable the commissioners to understand the claim and act intelligently
upon it is enough.

Although an action at law on a probate bond would necessarily be brought in
the name of the judge of probate, yet, as under our statute the judge of pro-
bate is merely a nominal party, while the suit is instituted for the benefit and
at the expense of some party injured by the breach of the bond, a claim upon
the estate of a deceased executor, founded upon a breach of his bond, may
properly be presented to the commissioners on such estate in the name of the
party injured ; and where an appeal is taken to the superior court from the
disallowance of such claim by the commissioners, it may properly be taken
in the name of such party.

A suit on a probate bond is a proper remedy to recover the amount of a legacy
which it has become the duty of an executor to pay, but which he does not
pay.

An administrator de bonis non is appointed only to administer upon property of
the deceased not administered upon by the former administrator.  He takes
therefore as the immediate successor of the deceased, and in no legal sense
as the successor of the former administrator, with whom he has no privity.

He died in 1840, leaving a will, by which he gave A a specific legacy and one-
fourth of the residue of his estate, and appointed R as his executor.  R gave
a bond to the judge of probate, and undertook the settlement of the estate,
which he represented as insolvent.  Commissioners were appointed, who re-
ceived and reported claims against the estate to the amount of $647, which
he paid, but no further proceedings were had in the settlement.  In 1844
property to the amount of $3,000 was distributed to R as executor of H,
under the will of an aunt of H, who died shortly before him, of which will R
was also executor.  R did not inventory this property as a part of the estate of
H and never distributed it under the will of H.  R died in 1855 ; his estate was
represented insolvent, and commissioners appointed to receive claims against
it.  Within the time limited for presenting claims, A presented his claim to
the commissioners as a claim for a specific legacy under the will of H, and
for one-fourth of the residuum of H's estate, the amount of which was stated,
with interest from the time when the property from the aunt's estate was re-
ceived by R ; and at the same time A laid in as evidence a copy of the pro-
bate bond of R, as executor of H.  The commissioners disallowed the claim
and A appealed in his own name to the superior court.  Held,—

1. That the claim was properly presented by A in his own name and the
appeal properly taken in the same manner.

2. That the form of the presentation was sufficient as the presentation of a
claim for the breach of the bond in the non-payment of the legacies.

3. That the claim to the legacies was not barred by the statute of limitations,
since the claim was founded upon the bond, the breach of which would not

be barred, and not upon the mere implied promise to pay the legacies,—the remedy upon the latter in assumpsit being only a concurrent and not an exclusive one.

4. That there would be no propriety in appointing an administrator *de bonis non* on the estate of H, since there was no specific unadministered estate of H, all his property having long been in the hands of R, ready for distribution, who in not distributing it had committed a breach of his bond.

Whether, in an action of assumpsit brought against R in such circumstances for the residuary legacy, he could have availed himself of the statute of limitations as a bar to the action, since he had never settled his administration account, and thus it had never been ascertained what residuum if any would be left for distribution :—*Quere*

This was an appeal to the superior court from the report of commissioners on the estate of William Robbins 2d, disallowing a claim presented by the appellants against the estate.

The material facts as found by the court, are as follows : Aaron A. Hosford of Wethersfield, died in the year 1840, leaving a will, by which he appointed the said Robbins his executor, and gave all the residue of his estate, after paying certain legacies, to the American Board of Commissioners for Foreign Missions, the American Bible Society, the American Tract Society and the American Seamen's Friend Society, to be equally divided among them. The will also gave certain specific articles to the appellants. Robbins accepted the trust, proved the will, and gave bond to the judge of probate with surety in the sum of $5,000 for the faithful discharge of his duty. In April, 1841, he returned to the probate court an inventory of the estate, which was accepted by the court, consisting entirely of personal property, and amounting to $55.25. He represented the estate to be insolvent, and the court appointed commissioners thereon, who in September, 1842, reported claims as allowed by them to the amount of $647.60, which report was accepted by the court. These debts were paid by him, but no further proceedings were ever had in the settlement of the estate.

Shortly before the death of Aaron A. Hosford, Etty Hosford of Wethersfield, an aunt of the said Aaron, died, leaving a will by which she appointed Robbins her executor, and by which she gave all the residue of the estate, after the payment of certain legacies, to the said Aaron. Robbins

accepted the trust, proved the will and proceeded with the settlement of the estate ; and on the 9th of January, 1843, presented his administration account, which was accepted by the court, and by which it appeared that there was left in his hands for distribution, estate amounting to the sum of $3,066.98. On the 10th of June, 1844, the court of probate ordered a distribution of the estate and appointed distributors to make the same ; and on the 24th of June, 1844, the distributors made a return of the distribution, which was accepted by the court, by which personal estate to the amount of $3000.42 was set to the said Robbins as executor of the said Aaron.

Robbins died in May, 1855, intestate, and an administrator was appointed on his estate, who gave bonds and proceeded to settle the estate. The administrator represented the estate to be insolvent, and the probate court appointed commissioners to receive and act upon claims against the estate, and limited a time for the presentation of such claims. On the 22d of November, 1855, and within the time limited, Seth Terry, Esq., as attorney for the appellants, presented to them a claim against the estate in favor of the appellants of $642.41. The following is the form in which the claim was presented :—

Estate of Wm. Robbins, 2nd, deceased,

To the Am. Board of Com. for Foreign Missions, Dr.
1844.
June 22. To a legacy by Aaron A. Hosford's will, in specific
articles of property, distributed to said Robbins as
executor, as per schedule annexed,     $76.66
To one-fourth part of the residuum of said
Aaron A. Hosford's estate, which came
into said Robbins' hands as executor, as
per schedule annexed, said Board being by
said will entitled to one-fourth part of said
residue,  .   .   .   .   .   .   304.59$\frac{1}{2}$
1855.
Nov. 22. To interest on the above from the date of
distribution to this date, 11 years 5 months,   261.15$\frac{1}{2}$
                                                            ————
                                                            $642.41

At a subsequent time, but within the time limited for the presentation of claims, Mr. Terry presented to the commissioners a copy of the probate bond given by said Robbins as executor of the will of Aaron A. Hosford, which he presented as evidence of the claim of the appellants. The surety on the bond was at this time, and had been ever since the decease of the said Robbins, wholly insolvent. The claim of the appellants was disallowed by the commissioners. The superior court found that the residuum of the estate in the hands of Robbins was $1,218.38.

While the present appeal was pending in the superior court there was also pending an appeal from the report of the same commissioners, taken by Maria Neff and others, whose claim had been disallowed by the commissioners. This claim was founded upon a provision of the will of Esther Hosford, the mother of the said Etty Hosford, by which she gave certain property to the latter, in trust for the said Aaron A. Hosford, her grandson,—to be held by the said Etty during his life, with a provision that if he should die without issue, a portion of it should go to the heirs of the body of Clarissa Goodrich. The said Aaron died without issue, and the said Maria Neff and others were the heirs of the body of the said Clarissa. It was claimed that this property constituted a part of what had gone into the hands of said Robbins as executor of the said Etty, and that it was the duty of the said Robbins to deliver over this property to the appellants, and a breach of his bond that he had not done so. These facts were set up by the appellees as a reason why the estate of Robbins should not be chargeable with the full amount of what appeared to be the residue of the estate of Aaron A. Hosford in his hands, since this amount might be greatly reduced if the claim of the latter appellants was sustained.

Upon these facts, the questions whether the estate of the said Robbins was directly liable to the appellants, and whether it was properly presented to the commissioners on his estate, and also what decree should be passed, were reserved for the advice of this court.

*Hungerford*, (with whom was *Cone*,) for the appellants.

1. As to the presentment of the claim to the commissioners:—1st. We have presented the exact claim which we had against the estate, that is, for this legacy, and just what was admitted to be due to us by Mr. Robbins, and which simply remained in his hands for us. 2d. The statute provides simply that the court shall allow six, ten or eighteen months for the creditors to exhibit their claims to the commissioners. No particular formality is required by the statute in the presentation of a claim. There are no pleadings before the commissioners. They have legal and equitable jurisdiction, and the only question is whether the claim, in whatever form it gets before them, is a just claim against the estate. 3d. No question can fairly arise but that a suit might have been maintained upon the bond, which was a collateral remedy, and if the bond had been declared upon the non-payment of this legacy must have been assigned as the breach. This is just what we have done here. 4th. The bond itself was also exhibited within the time limited for the exhibition of claims, as a matter of evidence.

2. The bond was most obviously broken by the fact that he had given no notice to the appellants and had retained the funds in his hands so long. *Griswold* v. *Chandler*, 5 N. Hamp., 492. *Rowland* v. *Isaacs*, 15 Conn., 115. *Campbell* v. *Read*, 24 Penn., 498. *Stillman* v. *Young*, 16 Ill., 318. *Williams* v. *Powel*, 10 Eng. L. & Eq., 224. *The People* v. *Downing*, 4 Sandf. Sup. Ct., 189.

3. Although there may be a surviving bondsman in this case, we are under no necessity of resorting to him, but may present our claim directly against the estate of the executor or administrator, especially if the bondsman is insolvent, as is found in this case. *Camp* v. *Grant*, 21 Conn., 41.

4. As to the claim that there should be an administrator *de bonis non* upon the estate of Aaron A. Hosford:—1st. With the exception of the legacies to these benevolent institutions the whole estate was settled up and closed, and these were converted into money and remained in his hands. Nothing was wanting but that they should be paid over. 2d. We have a statute authorizing the appointment of an administrator *de bonis non* where the first is removed by the

court of probate, but none authorizing such an appointment where the first has died; but in that case the appointment is by virtue of the common law, and the powers and duties of such an administrator are regulated by the common law. 3d. By the common law the administrator in this case thus appointed has nothing to do with the property of the deceased excepting so far as the same is unadministered and remains specifically as it was. There is no privity between the original administrator and the administrator *de bonis non*. *Alsop* v. *Mather*, 8 Conn., 584. *Byrd* v. *Holloway*, 6 Sm. & Marsh., 323. *Young* v. *Kimball*, 8 Blackf., 167. *Coleman* v. *McMurdo*, 5 Rand., 51. *Gregory* v. *Harrison*, 4 Florida, 56. 4th. An administrator *de bonis non* could maintain no action for a devastavit or an account against the original executor or his representative to draw the funds out of his hands. See the authorities above. A bill in chancery would lie directly for the payment of this legacy. *Rowland* v. *Isaacs*, supra. *Byrd* v. *Holloway*, supra. *Gregory* v. *Harrison*, supra. *Tucker* v. *Green*, 1 Halst. Ch., 380. So also upon the bond. *Adams* v. *Spalding*, 12 Conn., 350, 356.

5. The claim made by Neff and others, whether made against Robbins individually or as an executor, can not be sustained; because,—1st. If against him as an individual it would be outlawed. 2d. There is no evidence that he had ever any knowledge that any part of this property was trust property and it is not averred in the reasons assigned. 3d. There is not a single article of property mentioned in the reasons as property held in trust, and if the specific property can not be identified the appellants can do no more than claim in the character of creditors and call for an account ; and this, not upon Mr. Robbins in his individual character, but in the character of an executor of Aaron A. Hosford.

*Welles* and *Fellowes*, for the appellees.

1. Mr. Robbins was not personally liable for this legacy, and of course it can not be properly allowed against his estate ; in other words, the appellants have no title to share in his estate as creditors. *Pratt* v. *Humphrey*, 22 Conn., 322. 2 Wms. Exrs., 1464 and notes, 1511, 1517, 1653, 1654.

*Corner* v. *Shew*, 3 Mees. & Wels., 350, 356. *Byrd* v. *Holloway*, 6 Sm. & Marsh., 199. *Bank of Troy* v. *Tapping*, 9 Wend., 273. The absurdity of this claim is evident from the fact that the administrator of Robbins is not entitled to the assets of the deceased Hosford, and yet the claim is that he is bound to pay the legacies given by him out of his estate. No interest in Hosford's estate is transmitted to the administrator of Robbins, (see 1 Wms. Exrs., 387,) but the whole estate is vested or to be vested in the administrator *de bonis non.*

2. But if Robbins was personally liable, or liable in any way for the payment of this legacy, the claim is barred by the statute of limitations.

3. There can be no pretense of claim founded on the executor's bond. 1st. Because this bond was not presented to the commissioners as the ground of claim, but the claim presented was for the legacy, and a copy of the bond was merely offered as evidence of that claim. 2d. Because, even if the bond had been presented as the ground of claim, there is no proof of any breach of it, and no fact found to show any breach of it. There is no proof of a devastavit, and thus no breach in this respect. The mere non-payment of the legacy is not a breach of itself. To constitute the non-payment a breach, there must, in this case of an insolvent estate, be an order of the court directing its payment. 1 Wms. Exrs., 444, note. *Commonwealth* v. *Stubb*, 11 Penn., 150. *Commonwealth* v. *Evans*, 1 Watts, 437. *Commonwealth* v. *Moltz*, 10 Penn., 533. *Judge of Probate* v. *Locke*, 6 N. Hamp., 396. *Judge of Probate* v. *Kimball*, 12 id., 165. No suit will lie for this legacy without offering an indemnity bond. Rev. Stat., tit. 14, § 51. 3d. It was not competent for the appellants to present this bond to the commissioners as the ground of claim, nor for the commissioners to allow it to them. The bond could be presented only by the judge of probate, to whom it is executed, and a recovery on it would be merely assets in his hands belonging to the estate to be distributed to the parties entitled in proportion to their interests. 1 Wms. Exrs., 446. The administrator *de bonis non* would be entitled to the assets.

4. The only mode of enforcing this claim is to procure the appointment of an administrator *de bonis non* on the estate of Aaron A. Hosford, and to present the claim against that estate. *People* v. *Corlies*, 1 Sandf. Sup. Ct., 228. *State* v. *Johnston*, 8 Iredell, 381, 397. *Ferebee* v. *Baxter*, 12 id., 64. 1 Wms. Exrs., 388, note 1.

5. The claim of Mrs. Neff and others is one that must be settled before it can be known what are the assets of Aaron Hosford's estate for which Mr. Robbins is liable. This claim is not barred by its non-presentation against Hosford's estate. Hosford had the property for life and these claimants after his death. Of course they had no claim against him during his life time and consequently no claim to present to the commissioners on his estate. The property came into the hands of Mr. Robbins, and the claimants could look only to him, and since his death can look only to his estate.

ELLSWORTH J. We are not able to see why the claim of the appellants against the estate of Mr. Robbins is not just and legal.

In June, 1844, Mr. Robbins, being executor on the estates of Etty Hosford and Aaron A. Hosford, her nephew, settled the estate of the former in probate, and in that settlement credited himself as executor, with the sum of $3,066.98, as paid and belonging to the estate of Aaron A. Hosford, which sum he thereafter held as executor of Aaron, to the uses of his will, after the payment of debts and expenses. Debts to the amount of $647.60 appear to have been paid by him, but he has never done any thing more with the estate, neither inventorying the $3,066.98, nor distributing it, nor paying it over under the will; nor has he settled his administration account, so that it might appear what the residuum was, to be divided among the four residuary legatees, of whom the appellants are one. The superior court has however found, that, at that time, after paying debts, $1,218.38 remained in his hands for these four legatees, which it was his duty to have paid to them under the will; in not doing which, of course he was guilty of a breach of the bond; as likewise in

not inventorying the estate and settling his administration account according to law.

We think the claim of the appellants, together with the probate bond given for the due settlement of the estate and payment of the debts and legacies, have been properly presented to the commissioners on the estate of Mr. Robbins, and should have been allowed to the extent of the legacy. The money had been in the hands of Mr. Robbins since 1844. He had been liable for it until the time of his death, and why is not his estate at this time? It must be so, we think, unless there be force in the objections which have been urged by the counsel of the appellees, which we will proceed to consider.

The statute of limitations has been mentioned as one objection to the allowance of the claim, but this is no answer to a claim on the probate bond, as we consider this to be, which bond has been broken in the several particulars above mentioned within seventeen years before the claim was presented; so that if an action of assumpsit for the legacy could not now be maintained because of the statute, which we do not admit, the bond furnishes an additional and efficient remedy to which there can be no objection.

Besides, as the executor would not settle the estate of Aaron A. Hosford, whereby it would appear that there was a residuum to be divided among the residuary legatees, he or his representative ought not now to complain of the delay, even if he could plead the statute in a suit for the legacy, which we need not decide, for we look at the claim before the commissioners as based on the probate bond and not on a simple legacy debt.

Again it was said, that if the claim is held to have been made on the probate bond, then the form of proceeding before the commissioners and in the court of probate on taking out the appeal and prosecuting it in the superior court, is not proper and legal. We think the proceedings are in usual form. The appellants presented to the commissioners a certified copy of the probate bond with a statement of the amount claimed to be due them for the legacy, and insisted on the breaches before mentioned. This they certainly

could do, and if the bond had been broken, as they insisted it had been, it gave them *prima facie* a cause of action against the estate, and the burthen of defending was thrown on the appellees. Besides, it must be remembered that the commissioners being clothed with legal and equitable jurisdiction, the law requires no special form for presenting claims to them of either character. Technical rules do not prevail. A clear intelligent statement of the claim, one that commissioners can understand and act upon intelligently, is enough, and all objections to mere form, not made at the time or before trial, should not afterwards be allowed or regarded. In this instance the appellants made the same use of the bond that they would have done had they brought suit upon it in a court of common law jurisdiction. They were the real party to the claim, and not the judge of probate. He could not even, without cause, have withheld the bond from them, nor have authorized a non-suit, or a withdrawal of the claim from the commissioners ; nor was he bound to appear before the commissioners as a party unless he made a claim for himself, nor to employ an attorney to prosecute the case or to take out an appeal, nor even to take cognizance of the pendency of the claim before the commissioners or in the superior court. He is a mere trustee for all who are interested · in the legal settlement of the estate, and, since our late statute was enacted, he scarcely remains a party ·on the record— the actual claimant, whether he be creditor, legatee or heir, being required to insert his own name in the declaration or replication, together with a description of his claim against the defendant, and give bond to pay costs to the adverse party. Judgment when rendered will be in his behalf only, and to the amount of his claim, if no other is allowed.

Just this much was attempted to be done in this instance, and we think it was effectually done. The bond and the specific claim or legacy of the appellants were duly presented, and when the claim was rejected, they caused an appeal to be taken to the superior court, and no question was made or could have been made but that the appellants were the litigant party and the only claimants for this breach of the

bond. Like an assignee of a note not negotiable, they could well pursue their claim in their own name through the bond held by the court of probate in trust for their benefit.

It was said on the trial, that a suit on the probate bond is not the proper remedy to recover a legacy withheld by an executor. We think it is, though ordinarily it is not the only remedy. Assumpsit will lie against the executor if he has assets but will not pay them over. *Adams* v. *Spalding*, 12 Conn., 355.

It was claimed that an administrator *de bonis non* on the estate of Aaron A. Hosford should have been appointed, and that that was the only proper course. But, as the very words themselves import, such an administrator is called in only where there is specific property of the deceased remaining unadministered. He then takes it as the immediate successor of the deceased, and never as succeeding a prior executor or administrator, for with such prior executor or administrator he has no privity whatever—not even enough to bring suit in his own name on a judgment rendered in the name of such prior executor or administrator. Nor probably can an administrator *de bonis non* bring suit for a devastavit, or call the executor or first administrator to account for money received for property sold. The remedy for this is on the bond, by the persons injured, and to the extent of the injury averred and proved. *Alsop* v. *Mather,* 8 Conn., 584. *Young* v. *Kimball,* 8 Blackf., 167. *Coleman & al.* v. *Monds & al.,* 5 Rand., 51. *Granger* v. *Harrison,* 4 Florida, 56. *Bird* v. *Holloway,* 6 Sm. & Mar., 324. *Adams* v. *Spalding,* 12 Conn., 350.

We advise judgment for the appellants.

In this opinion Sanford and Seymour, Js., concurred. Storrs, C. J. and Hinman, J., were not prepared to concur in the views expressed with regard to the form of the presentation of the claim to the commissioners and of the taking of the appeal, which latter they were inclined to think should have been taken in the name of the judge of probate ; nor in the opinion that the appointment of an administrator *de bonis non* on the estate of Aaron Hosford was not the proper course to have been taken.

Judgment for appellants advised.