SAMUEL PIKE *vs.* FREDERICK W. THORP, ADMINISTRATOR.

A claim against the estate of a deceased person, not represented insolvent, ought properly to be presented to the administrator in writing. While such a presentation is not positively required by the statute, yet this is the only safe mode, as furnishing proof both of the fact of presentation and of the exact claim presented.

A person holding a claim against the estate of a deceased person casually met the administrator, who was a brother of the deceased, and said to him, "I have an account against your brother of about $100;" to which the administrator replied, "I am going to pay up all the bills, but cannot do it just now;" to which the creditor rejoined, "I am in no hurry about it, do it when you get ready." Four months afterwards the creditor again casually met the administrator and spoke of the account, and showed him a bill of items partly made out embracing about a third of the account. The administrator then told him to finish up the bill. Nothing more was done by the creditor until after the time for presenting claims had expired. Held not to be a legal presentation of the claim.

ASSUMPSIT for goods sold to the defendant's intestate; brought, by appeal from a justice of the peace, to the Court of Common Pleas for Fairfield County, and tried to the court, on the general issue, with notice of a claim that the demand was barred by non-presentation within the time limited by the court of probate, before *De Forest, J.* The court found the following facts:

The defendant on the 25th day of September, 1875, was

appointed administrator on the estate of his brother, Andrew B. Thorp, and the period of six months from that day was limited by the court of probate for the exhibition by creditors of claims against the estate.

At the time of his decease Andrew B. Thorp was indebted to the plaintiff in the sum of $100, for goods sold. About the 1st of November, 1875, the plaintiff met the defendant in the store of the former in Southport, and informed him that he had a bill against his deceased brother amounting to about one hundred dollars, to which the defendant replied, "I am going to pay up all the bills, but cannot do it just now." The plaintiff replied, "I am in no hurry about it; do it when you get ready." About the 1st of March, 1875, at an interview in the plaintiff's store, the bill was again spoken of, and the plaintiff then showed the defendant a bill of items of the account partly made out, embracing about one-third of the whole amount. The defendant thereupon told him to finish up the bill. The plaintiff did not then know that the defendant was administrator on the estate, and did not know that any administrator had been appointed, nor did he make any inquiry or effort to ascertain whether the estate was being settled in probate until some time in June, 1876, when the defendant informed the plaintiff that the estate had been settled, at which time the plaintiff went to the judge of probate, and ascertained that the defendant had been appointed administrator, and that the settlement of the estate had been completed and the administrator discharged on the 21st of April preceding. The plaintiff never presented his claim against the estate otherwise than as above.

The plaintiff claimed on the foregoing facts, as matter of law, 1st, that he had not "neglected to exhibit his claim" within the time limited, and was not therefore "debarred of his demand against such estate," either in whole or in part; and 2d, that the defendant was estopped from denying that the claim had been exhibited.

The court overruled these claims of the plaintiff, and on the facts found rendered judgment for the defendant. The plaintiff thereupon moved for a new trial for error in these rulings of the court.

*C. Thompson*, in support of the motion.

The statute points out no mode of exhibiting claims; therefore it may be done by a verbal or written statement of the nature and amount of the claim; and no formality is required. *Mills* v. *Wildman*, 18 Conn., 124, 131; *Am. Board of Commissioners' Appeal from Probate*, 27 id., 344, 352; *Mathes* v. *Jackson*, 7 N. Hamp., 259; *Little* v. *Little*, 36 id., 224. To exhibit is to make known. It is not denied that the nature and amount of the claim were made known to him on the first of November; and on March 1st a bill of items of a part of the amount was shown him, and he told the plaintiff then to finish up the bill. But he recognized its exhibition in November, by promising, in substance, to pay the bill, only asking for delay. Thus he had a distinct knowledge of the claim and promised to pay it. And if he had desired to inquire more about it, and he did not, it was his own fault. It can make no difference that the plaintiff did not know that the defendant was administrator so long as he was in fact such, and the claim was exhibited. It would be unjust to put such a construction upon the statute, and would give to an artful administrator the power to defeat just claims. The statute is not designed to cheat creditors, but to ascertain the solvency of an estate and close it up. It is penal in its character, works a forfeiture, and should not be used to impale a creditor who is not clearly guilty of a "neglect to exhibit." Here was a debt known, and as it was the duty of A. B. Thorp in his lifetime to pay it, so it was after his death the duty of his administrator. 1 Swift Dig., 450. We further claim that the administrator ought not to be allowed to set up such a technical defence, if defence at all, after his conduct towards the plaintiff. It does not affect the legality of the claim, but the exhibition of it, and he should be estopped from denying that.

*A. B. Beers*, contra.

PARK, C. J. It is the duty of an executor or administrator in settling an estate not represented insolvent, to examine all

claims against the estate, and pay such of them as are found to be valid; and to disallow such as are not found to be so, and give due notice of such disallowance to the person presenting the claim, in order that he may have an opportunity to test the same in the manner provided by law. To enable the administrator to perform these duties, the statute provides that "courts of probate may direct executors and administrators to cite the creditors of the deceased to bring in their claims against his estate, within such time as they shall appoint, not exceeding eighteen months, nor less than six months," and that "if any creditor shall neglect to exhibit his claim within such time as shall be limited, he shall be forever debarred of his demand against such estate." The statute further provides, that "when the creditor of an estate not represented insolvent shall present his claim to the executor or administrator within the time limited by the court of probate, and he shall disallow and refuse to pay it, if such creditor shall not within four months after he has been notified by him that his claim is disallowed, commence a suit against him for the recovery thereof, he shall be debarred of his claim against such estate." Gen. Statutes, p. 388.

These are a part of the provisions of the statute with regard to the settlement of estates not represented insolvent. In the first instance the administrator must pass upon all claims against such estates. He is not presumed to know what they are, and in a great majority of cases he can not know, until they are presented to him by the creditors. He must pass upon every item of every account. He must obtain information on the subject from the books and papers of the deceased, and from parties interested in the estate, as well as from the parties presenting the claims, and, from all the knowledge thus obtained, determine what claims to allow and what to disallow.

Such are the duties of the administrator, and it is obvious that they cannot be performed if such a presentation of a claim as that made by the plaintiff in this suit is held sufficient. The finding on this subject is that about the first of November, 1875, the plaintiff met the defendant in the store

of the former, and informed him that he had an account against his deceased brother, amounting to about one hundred dollars; to which the defendant replied, "I am going to pay up all the bills, but cannot do it just now;" and that the plaintiff answered, "I am in no hurry about it; do it when you get ready." That about the first of March, 1876, at an interview in the plaintiff's store the bill was again spoken of, and that the plaintiff then showed the defendant a bill of items of the account partly made out, embracing about one-third of the whole amount, and that the defendant thereupon told the plaintiff to finish up the bill. That the plaintiff did not then know that the defendant was administrator nor that one had been appointed, and took no measures to inform himself on the subject until after the estate had been settled.

These are the facts, and the question is, was there a presentation of the plaintiff's claim against the estate at either of these interviews? Very little need be said in relation to what transpired at the first interview, as it clearly falls short of a presentation of the claim. The interview was a casual one. The plaintiff knew that the defendant was a brother of the deceased, and that fact led him to speak of his claim against the estate. No account whatever was shown, nor did the plaintiff give the defendant any information regarding his claim except in stating that it amounted to about one hundred dollars. This clearly did not amount to a presentation of the claim, and would not if the plaintiff had known the defendant to be the administrator. At the second interview, which also appears to have been a casual one, the plaintiff showed the defendant a part of the items of his account, in the form of a bill not completed. The defendant then told him to finish the draft of his bill; and the parties then separated. They separated with the understanding that something more was to be done; that the plaintiff should finish the making out of his claim, and afterwards present it to the defendant. Neither of the parties then understood that the claim was being formally exhibited to the administrator, even supposing the plaintiff to have known that the defendant was administrator, but both understood that the

presentation of the account was to be afterwards made when the draft of it had been completed. The defendant manifestly had no sufficient opportunity to examine even that part of the account which was shown to him. It is fair to presume from what transpired between the parties, that he in fact made no examination of this part of the account, but postponed all attention to the matter until he should have the full account before him and could examine it at his leisure.

Every claim against an estate not represented insolvent ought properly to be presented to the administrator in writing, that he may be fully apprised of its character and have an opportunity to examine it thoroughly; and although the statute does not in express terms require that claims should be so presented, yet this clearly is the only safe course, as furnishing proof both of the fact of presentation and of the exact claim presented. For the protection of the estates of deceased persons we think it would be well that the statute should require that claims be so presented in all cases.

A new trial is not advised.

In this opinion the other judges concurred.