THEODORE HAMMETT AND WIFE *vs.* JEREMIAH STARKWEATHER,
ADMINISTRATOR.

A creditor of the estate of a deceased person in settlement as a solvent estate,
informed the administrator, within the time limited for presenting claims, that
she had a claim for money lent the deceased at sundry times, stating the par-
ticulars, and he requested her to make up her account in figures with interest,
and give it to him. She afterwards, and within the time limited, presented to
him a sheet of paper on which were written the different sums lent, with a
computation of the interest on each, but with nothing else to indicate its char-
acter or object. The administrator received it as being what he had requested,
but afterwards disallowed the claim. Held that the claim had been sufficiently
presented to the administrator..

ASSUMPSIT for money lent to the defendant's intestate;
brought to the Superior Court in Windham County, and tried
to the court on the general issue, with notice, before *Hovey, J.*
The matters set up in the notice were the statute of limita-
tions, and the neglect to present the claim to the defendant
as administrator before the bringing of the suit.

On the trial it was admitted that the defendant was admin-
istrator of the estate of Erastus Hammett, late of Plainfield,
in Windham County, deceased; that the estate was in the
course of settlement in the court of probate for the district of
Plainfield as a solvent intestate estate; and that the court, on
the 16th of August, 1876, made an order limiting six months
as the time within which claims against the estate should be
presented to the administrator.

The plaintiffs introduced the defendant as a witness, who,
among other things, testified that Mrs. Hammett informed
him in December, 1876, that she had a claim against the
estate—that she lent to the deceased $30 twenty-five years
before, $150 twenty-three years before, and $225 fifteen years
before, and that this money had never been repaid to her;
that the defendant then asked her if she had a note or any-
thing to show for it, and she replied that she had not, and
that he, then supposing that the claim was barred by the
statute of limitations, told her that he was sorry to say that
it was beyond his jurisdiction; that afterwards on the same

day he told her to make up her account in figures with inter-
est and present it to him, and he would see if Erastus (a son)
and the old lady (the widow of the deceased,) would agree to
allow her something; that a short time afterwards, in the
early part of January, 1877, and within the time limited for
the exhibition of claims against the estate, she made out her
account in figures and writing as the defendant had directed,
and handed it to him. The account thus made was as
follows:—

"$4.291871    amount of $1 at 6 per cent.
        30

$128.756130    amount of $30 for 25 years.
   $3.819750    amount of $1 for 23 years.
        150

190.987500
381.9750

$572.962500    amount of $150 for 23 years.
   $2.396558    amount of $1 for 15 years.
        225

11.982790
47.93116
479.3116

539.225550    amount of $225 for 15 years.
572.962500
128.756130

$1240.944180    amount of $225 for 15 years, $150 for 23
                years, and $30 for 25 years."

The defendant also testified that he, on the 7th day of
March, 1877, disallowed the claim, and gave notice thereof to
Mrs. Hammett on the same day.

To the above evidence the counsel for the defendant
objected, upon the ground that it did not prove or tend to
prove a lawful exhibition of the claim against the estate; but
the court overruled the objection and admitted the evidence.

Upon the whole evidence produced at the trial it was found by the court that, in the year 1852, Mrs. Hammett lent to the said Erastus Hammett (the deceased) the sum of $30; in 1854 the sum of $70; in 1855 $80; and in 1862 $225; all of which was money earned by her before her marriage, or which came to her from her deceased relatives; that the said Erastus never paid the same or any part thereof to her or to any other person in her behalf; but that at various times within six years immediately preceding his death, he recognized his indebtedness to her on account of the loans and promised to pay the same to her.

The court also found that in the month of December, 1876, and within the time limited by the court of probate for the presentation of claims against the estate to the administrator, Mrs. Hammett orally presented her claim against the estate to the defendant, and stated to him all the items and particulars of it so that he fully understood the same; but she did not then state to him that the deceased had promised to pay the same within six years; that afterwards in the early part of January, 1877, and within the time limited for the presentation of claims, she, at the request and by direction of the defendant, made out her claim in writing in the manner above stated and presented it to the defendant, who accepted the same as in the form he required and as a good and valid presentation of the claim; and he fully understood from it that it was a claim of $1,240.94 for money lent by her to the said deceased in his lifetime, in the sums and at the times stated, with the interest thereon. But afterwards the defendant, believing the claim to be barred by the statute of limitations, disallowed the same, and he disallowed it for no other cause.

Upon these facts the defendant's counsel requested the court to rule that no lawful presentation of the claim had been made by Mrs. Hammett to the defendant as administrator. But the court ruled that the presentation was sufficient, and rendered judgment for the plaintiffs for the sum of $895.30 damages and costs of suit. The defendant moved for a new trial for error in the rulings of the court.

Hammett *v.* Starkweather.

*T. E. Graves,* in support of the motion.

The only question in the case is, was the "claim" of Mrs. Hammett "exhibited" to the administrator as required by law. By the statute claims are barred unless "exhibited" within the time limited by the court of probate. Gen. Statutes, p. 388, sec. 5. To exhibit a claim is to "present it for inspection." Webster's Dict. An "exhibit" is a paper or writing produced on motion or otherwise. Bouvier Law Dict. The parol statement of the claim was not a legal exhibit. And the mass of figures in the case is not an intelligent statement of anything, and was not given or taken as an exhibit, but for entirely another purpose. The administrator had no power to waive the requirements of the law in the case; nor is his reason for disallowance, known only to himself, of any consequence.

*J. Halsey* and *J. J. Penrose,* contra, cited *Mills* v. *Wildman,* 18 Conn., 124; *Am. Board of Comrs. for Foreign Missions' Appeal from Probate,* 27 id., 344; *Pike* v. *Thorp,* 44 id., 450; *Mead's Appeal from Probate,* 46 id., 417.

PARDEE, J. Although the statement of the plaintiffs' claim in this case was not made in the form which would have been given to it by a skilled accountant, it yet embodies a claim for money loaned for a term of years, with interest, with sufficient distinctness and precision to entitle it to recognition. If it lacks anything in these respects the accompanying oral explanation supplied the deficiency; if there is any mystery the key to it was placed in the hands of the administrator. To him the written presentation became clear and precise to his expressed satisfaction. He, representing heirs and creditors, was made to comprehend the extent of the plaintiffs' demand upon the estate, and the time and character of each of the several transactions out of which it grew. He was put in possession of all information requisite for the defence of the estate against it if it was without foundation. This matter of substance secured, the law is satisfied.

A new trial is not advised.

In this opinion the other judges concurred.