JOHN A. WATERMAN, judge of probate,

*vs.*

KATE H. DOCKRAY and others.

Cumberland. Opinion February 6, 1886.

*Executors. Administrator de bonis non. Action. Pleading.*

An administrator *de bonis non* is officially interested in his predecessor's bond to the extent of the unadministered assets; and he may originate a suit on it, provided his interest has been specifically ascertained; otherwise he must have authority from the judge of probate to bring the action and can not rely therefor on an authorization given to another person. In either case he must allege such facts in the writ as will authorize him to bring and maintain the action.

ON exceptions to the ruling of the court in overruling defendant's demurrer to the writ and declaration, which latter was as follows:

"To answer unto John A. Waterman, of Gorham, in said county, in whose name this suit is prosecuted by Lewis Pierce, administrator *de bonis non*, with the will annexed, of the estate of James R. Dockray.

"In a plea of debt for that the said defendants at said Portland, on the sixteenth day of December, A. D. eighteen hundred and sixty-eight, by their writing obligatory of that date, sealed with their seals and here in court to be produced, bound and acknowledged themselves to be indebted to the said John A. Waterman, judge of probate of wills, and for granting administration, within the county of Cumberland, in the sum of ten thousand dollars, to be paid to the said judge of probate or his successors in office, and the said Waterman, judge of probate as aforesaid, at a term of the court of probate held at Portland

within and for said county of Cumberland, at the third Tuesday of July, A. D. eighteen hundred and seventy-five, by his decree and order of that date, did expressly authorize the said Mitchell to commence this suit; yet the said defendants, though requested, have not paid the same, but neglect so to do; to the damage of the said plaintiff (as he says) the sum of twenty thousand dollars."

*C. W. Goddard,* for the plaintiff.

This case has been substantially before the court twice already. *Cleaves* v. *Dockray,* 67 Maine, 118; *Dockray* v. *Milliken,* 76 Maine, 517. In the former case it was determined that the bond in suit was a good common law bond and that the action could be maintained in the name of Judge Waterman.

It is true the writ does not allege any authority in the plaintiff to prosecute this suit derived from the order authorizing Mitchell to sue. The allegation in reference to Mitchell is surplusage, an inadvertently retained relic of the former suit.

It is not necessary to allege that the plaintiff had authority from the probate court to prosecute this action, for we no longer claim it to be a statute bond. A common law bond requires no such allegation or proof. The simple consent of the ex-judge to whom the bond was given is sufficient.

*Harvey D. Hadlock,* for the defendant, cited: *Lee* v. *Chase,* 58 Maine, 432; *Fay* v. *Rogers,* 2 Gray, 175; *Groton* v. *Tallman,* 27 Maine, 68; *Williams* v. *Cushing,* 34 Maine, 370; *Waterman* v. *Dockray,* 56 Maine, 56; *Rand* v. *Rand,* 4 N. H. 267; *American Bank* v. *Adams,* 12 Pick. 303; *Bennett* v. *Russell,* 2 Allen, 537; Bacon's Abr. Title, Executors and Administrators B. 2, 2; *Parkman's Case,* 6 Coke, 293; *United States* v. *Walker,* 109 U. S. 261, and cases cited.

VIRGIN, J. Debt on what purports to be the penal part of a probate bond, executed (with sureties) by the executrix of the last will and testament of James R. Dockray to this plaintiff, described as "judge of probate of wills," and payable to him or

his successor. Instead of craving oyer of the conditions of the bond and pleading thereto, the defendants have demurred to the writ and declaration.

The action is in the name of the obligee, the writ alleging, however, that the "suit is prosecuted by Lewis Pierce, administrator *de bonis non* with the will annexed, of the estate of James R. Dockray."

While an administrator *de bonis non administratis* is understood in general terms to be the successor of the executor, still he derives his title directly from the testator and not from the executor. *Am. Board's Appeal*, 27 Conn. 344. On his appointment there vests in him, as is indicated by his commission and official designation, title only to the unadministered property of the testator, in trust for those to whom it belongs. Therefore, in the absence of any statutory provision to the contrary, he has no recourse against his official predecessor for devastavit or maladministration, the remedy therefor being reserved to the creditors, legatees and distributees directly ; the executor being responsible, in general terms, to his successor only for the goods, effects and credits which were of the testator at the time of his decease, and remain unadministered, that is, in specie, unaltered or unconverted by any act of the executor or the proceeds thereof not mixed with the latter's own money. *Potts* v. *Smith*, 3 Rawle, 361 ; S. C. 24 Am. Dec. 359 ; Sch. Exrs. & Admrs. § § 408 *et seq.* ; Wms. Exrs. 915 *et seq.* ; *Beall* v. *New Mexico*, 16 Wall. 535, 540 ; *U. S.* v. *Walker*, 109 U. S. 265. Though in several of the states statutory provisions allow an administrator *de bonis non* to call for a full accounting by his predecessor and resort to an action on his bond. Cases *supra* and notes, and an elaborate note in 24 Am. Dec. 379–390.

There are no such liberal statutory provisions in this state. R. S. c. 64, § § 20–24 ; c. 87, § § 4, 5, 6.

Being confined to the record, we have no means of knowing for what purpose the administrator *de bonis non* is seeking to maintain this action. He is officially interested in the defendant's bond to the amount of the unadministered estate which she holds,

if any, for such property vested in him in trust for those to whom it belongs, legatees or creditors.   Being "interested in his official capacity," he had a right to originate a suit on such bond without applying to the judge of probate, provided "his interest has been specifically ascertained" as provided in R. S., c. 72, § 10, and this should be alleged if such preliminary action has been taken; and if not, the action can not be maintained under that section.   Nor could he maintain the action under R. S., c. 72, § 15, for no authority by the judge of probate is alleged, which that section makes essential.   Nor can the administrator *de bonis non* prosecute the action for Ammi Mitchell, although the latter might.   Assuming, therefore, that the defendant's bond is a statute probate bond, the demurrer must be sustained, and the plaintiff may amend his writ and declaration upon payment of costs from the time when the demurrer was filed.

*Demurrer sustained.*

PETERS, C. J., WALTON, LIBBEY, FOSTER and HASKELL, JJ., concurred.