## HARRY ROTH *vs.* SAM RAVICH ET ALS.

First Judicial District, Hartford, May Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued May 8th—decided July 9th, 1930.

*Max M. Savitt,* for the appellant (plaintiff).

*Roger W. Davis,* for the appellees (defendants).

HAINES, J. A note for $8300 was made by Henry A. Campbell, who secured it by a mortgage upon certain real estate. The real estate was later purchased by Barksdale C. Hicks who, as part of the consideration, assumed and agreed to pay the mortgage note, which was dated July 22d, 1917, payable in semiannual instalments with interest, running for a maximum of twenty years. Hicks died March 26th, 1926, and the defendant Hartford-Connecticut Trust Company and William M. Hicks were confirmed as executors April 13th, 1926, from which date, six months was limited for the presentation of claims against the estate. Hicks paid the instalments of principal and interest which matured during his lifetime, and those maturing in 1926 and 1927 were paid by his executor, who then sold the property to Isaac Revitch who later sold to the defendant, Sam Ravich. By the terms of the note, a failure for thirty days to pay an instalment, at once matured the entire note. The instalment due June 22d, 1928, was not paid and the plaintiff brought this action of foreclosure December 10th, 1928, and on May 27th, 1929, appraisers fixed the value of the mortgaged property at $7000, which was $2558 less than the amount necessary to meet the judgment over and above a prior mortgage. Plaintiff moved for a deficiency judgment for this amount, which was denied by the court, holding that the claim of the plaintiff growing out of Hicks assumption agreement, had never been legally presented to the executors as required by statute, and that a deficiency judgment against the personal assets of the estate was therefore barred.

Our law requires that every creditor of an estate shall present his claim in writing within the time limited therefor and if not so presented "he shall be barred of his demand against such estate; but when a right of action shall accrue after the time limited for the presentation of claims, it shall be exhibited within four months after such right of action shall accrue, and shall be paid out of the estate remaining after the payment of the debts exhibited within the time limited." General Statutes, § 4984 and § 4983 as amended by Chapter 52 of the Public Acts of 1919.

On April 26th, 1926, the Trust Company as one of the executors, wrote a letter to the plaintiff reciting that the plaintiff held a mortgage on real estate owned by Hicks and asking for information as to the amount of the original mortgage note; of the amount then due on the principal; the date of the note; rate of interest with the dates of payment thereof, and the dates to which the interest had been paid; the amount of principal instalments; dates on which instalments were due and the names of the holders of prior mortgages. Pursuant to this request and within the time limited for presenting claims, the plaintiff called upon the writer of the letter "furnished him some of the information requested, left with such executor the original letter, Exhibit A, and noted in lead pencil upon the left-hand margin thereof certain figures which there appear." A photostatic copy of the letter itself with the pencil memoranda thereon is of record and shows all questions answered. On December 13th, 1926, the executors filed in the Court of Probate, a list of claims which included a claim for interest by this plaintiff on the note in question. On this state of facts the executors contended in their answer in the present suit that the claim based upon the assumption agreement of Hicks had never been legally presented, and that no

claim for the deficiency found to exist had been in fact presented save such as might be contained in Exhibit A. The trial court held that at the death of Hicks there was an existing claim, but that the plaintiff had never made legal presentation of a claim against his estate and that the plaintiff was barred of recovery by way of a deficiency judgment. The appeal presents these issues for the consideration of this court.

The assumption agreement of Hicks was an absolute obligation to pay the full amount of the note according to its terms, and so far as appears it was not qualified or conditioned upon any happening or contingency whatsoever. The trial court properly held that this was an obligation existing at the death of Hicks and that legal presentation of his claim by the plaintiff was required by law to render it enforceable against the estate. Hicks, by his own payments and his executors in the same way after his death, had recognized the claim as existing, The deficiency now ascertained is merely the unpaid balance of that claim. That its existence and amount were not known until found in the present action, in no way affects it character as a part of the obligation created by the assumption agreement. For the same reason, the time when it "accrued" has no special significance in the present action. Nor does the fact that the obligation was secured by mortgage, or that it was not all matured and forthwith payable, relieve the plaintiff of the duty of presentation. The term "claim" as used in our statutes, includes not only debts already due and payable but unmatured debts, for these are nevertheless existing obligations and capable of proof. In this respect they are distinguished from claims which are contingent or mere possibilities. *Bacon* v. *Thorp,* 27 Conn. 249, 260

It was found and conceded, that at no time after

Exhibit A was left in the executors' hands by the plaintiff has the former been uninformed of any detail of the obligation, necessary to protect the estate. It is true that the mere fact that an executor has otherwise obtained information, does not relieve the claimant of the necessity of some act of presentation on his part as a condition of enforceability, failing which it would still be the duty of the executor to defend the estate by invoking the statute of nonclaim. *Peck* v. *Botsford,* 7 Conn. 172, 181; *Frisbie* v. *Preston,* 67 Conn. 448, 454, 35 Atl. 278; *Ensign* v. *Batterson,* 68 Conn. 298, 305, 306, 36 Atl. 51; *Winchell* v. *Sanger,* 73 Conn. 399, 400, 47 Atl. 706.

The purpose of the statute requiring presentation is the protection of the estate and to ensure for that reason that the executor shall know exactly what the claims are. *Pike* v. *Thorp,* 44 Conn. 450, 455; *Cone* v. *Dunham,* 59 Conn. 145, 161, 20 Atl. 311; *Grant* v. *Grant,* 63 Conn. 530, 546, 29 Atl. 15.

The vital question is thus presented, whether Exhibit A constitutes, under the circumstances, a legal presentation of the claim. The defendant contends that Exhibit A was neither (1) "a written notice of the claim by or on behalf of the plaintiff," nor (2) "a claim at all," and cites *Bank Commissioners* v. *Watertown Savings Bank,* 81 Conn. 261, 264, 70 Atl. 1038, and *Dime Savings Bank* v. *McAlenney,* 76 Conn. 141, 145, 55 Atl. 1015. We do not think these cases support the defendant's contention. In the former it was held not sufficient that the executor had learned of the claim in some casual way, but that the knowledge of the claim must be brought to the executor by some act of the claimant, and in the latter, the same principle is laid down. This is undoubtedly the rule in this State. *Brown & Brothers* v. *Brown,* 56 Conn. 249, 252, 14 Atl. 718; *Pike* v. *Thorp,* 44 Conn. 450.

The facts in the present case, however, distinguish it from those above cited. The executor did not learn the details of the decedent's obligation in a casual way. It was a matter of record standing against the land which he held, and the plaintiff personally supplied the executor with all needed and requested information in regard to it and "left with such executor the original letter, Exhibit A, and noted in lead pencil upon the left-hand margin thereof certain figures which there appear." It cannot be said therefore that the claimant took no action. The form of the writing is of little importance so long as it furnishes information to the executor of the extent of the demand and the character of the transaction out of which it grew. *American Board's Appeal,* 27 Conn. 344, 353; *Mead's Appeal,* 46 Conn. 417, 429; *Tolles' Appeal,* 54 Conn. 521, 9 Atl. 402; *Brown & Brothers* v. *Brown,* 56 Conn. 249, 14 Atl. 718; *Cothren's Appeal,* 59 Conn. 545, 549, 22 Atl. 297; *Huntington's Appeal,* 73 Conn. 582, 48 Atl. 766; *Bank Commissioners* v. *Watertown Savings Bank,* 81 Conn. 261, 264, 70 Atl. 1038. It is quite apparent here that the claimant's call put the executor in possession of full information in writing, and it cannot be fairly claimed that Exhibit A, under the circumstances, had not fulfilled every purpose of the statute of nonclaim.

In an early case in this court, a creditor orally informed the administrator of the fact that the decedent was indebted to her. The administrator requested her to make up an account in figures and give it to him, and she thereafter handed him a sheet of paper upon which was written the amounts which she had lent to the decedent, with a computation of the interest. Nothing appeared upon the paper to indicate its character or purpose. Counsel for the administrator contended that this sheet of paper was not a sufficient statutory presentation of the claim, and this court

said: "Although the statement of the plaintiffs' claim . . . was not made in the form which would have been given to it by a skilled accountant, it yet embodies a claim for money loaned for a term of years, with interest, with sufficient distinctness and precision to entitle it to recognition. If it lacks anything in these respects . . .; if there is any mystery, the key to it was placed in the hands of the administrator. To him the written presentation became clear and precise to his expressed satisfaction . . . He was put in possession of all information requisite for the defense of the estate against it if it was without foundation. This matter of substance secured, the law is satisfied." *Hammett* v. *Starkweather*, 47 Conn. 439, 442.

The writing, Exhibit A, supplemented as it was by a personal interview, fully measures up to the requirements of our statutes, and we hold it a sufficient presentation of the claim thereunder. It is the good fortune of the estate that it is not required to pay the entire obligation assumed by the decedent but only the balance remaining after deducting the value of the security which has been applied in part payment.

There is error in part and the case is remanded with direction to the Superior Court to enter judgment for the plaintiff for the amount of the deficiency.

In this opinion the other judges concurred.