[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The plaintiff bank brings this action to foreclose on an open-end mortgage deed from F. Francis D'Addario ("decedent"), d/b/a D'Addario Industries, on certain real properties, with improvements thereon, located in Darien and Stratford. The plaintiff's original complaint, filed on April 8, 1992, names Lawrence D'Addario, David D'Addario and Albert F. Paolini as defendants ("the defendants"). The complaint also names other defendants who are not relevant to this motion. The defendants are co-executors and trustees under a revocable trust, as well as the specific devisees of all of the real property in the decedent's estate. CT Page 153
The defendants seek to dismiss the plaintiff's action to the extent that it seeks a deficiency judgment against the estate, on the grounds of lack of subject matter jurisdiction because the plaintiff failed to provide the estate with written notice of its intent to sue pursuant to General Statutes section 45a-395 (formerly section 45-205) and 45a-400 (formerly 45-213a). The former statutes were in effect at the time of the decedent's death.
General Statutes section 45a-400 (formerly 45-213a) provides that: "Any claimant who has presented his claim . . . who has not received written notice of the disallowance of his claim from the fiduciary, wholly or in part, within thirty days following the end of the limitation of time for presenting claims as set by the court of probate . . . may give written notice to the fiduciary that he intends to bring suit upon said claim within four months after the date of such notice. If such claimant fails to bring suit within four months from the date of such notice, such claimant shall be barred from commencing an action on his claim against the fiduciary . . . ."
In the present case, the time period for submission of claims to the estate ran from March 11, 1986 through December 11, 1986. The plaintiff presented its claim to the estate by letter dated May 5, 1986. There is no claim by the defendants that presentation was not made in appropriate fashion. See Roth v. Ravitch, 111 Conn. 649,151 A. 179 (1930).
The defendants argue that since the estate neither allowed nor disallowed the plaintiff's alleged claim, the plaintiff "did not, within thirty days of the time limited for presenting claims, give the Estate or any fiduciary thereof, notice of its intent to sue the Estate for a deficiency judgment." Defendant's Memorandum of Law dated August 28, 1992, page 4. The court does not agree with the defendant's assumption that the plaintiff had to file its notice of intent to sue within the thirty days following the end of the claim period. Those thirty days are allotted to the fiduciary to consider the claim. The situation here is analogous to that in Hartford Accident Indemnity Company v. John M. Doyle, Executor,7 Conn. L. Rptr. No. 17, 490 (November 16, 1992, Spear, J.). The court, in construing General Statutes section 45a-360 which provides for a 90-day claim consideration period said, "[I]f the claimant had to present the notice within the 90-day period or on the 90th day, the first part of the statute allowing a fiduciary a full 90 days to reject, allow or pay the claim would be meaningless. A court must interpret a statute to give effect to all of its words." (Citations CT Page 154 omitted.)
Similarly, if the plaintiff had to file its notice of intention to sue within the thirty day period in which the fiduciary is considering the claim, the court would be adding a requirement to the statute that does not exist.
The court notes the defendant's reliance on Wilburn, supra, but disagrees with the defendant's view of its effect. The Wilburn court held that the word "may" in General Statutes section 45-213a (now 45a-400) is to be construed as "shall" so that a creditor whose claim is not rejected by the fiduciary will be barred from bringing suit upon the claim unless he has first given notice of his intention to bring suit. However, the court does not indicate when or by what date a creditor must file this notice of intent to sue. The statute itself does not so indicate. See Wilhelm, Connecticut Estates Practices, 1989 Supplement, section 248.
For the foregoing reasons, the defendant's motion to dismiss is denied.
LEHENY, JUDGE