[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT ON THE ISSUES OF APPELLANT'S STANDING AND AGGRIEVEMENT (##142.25, 146 and 151)
CT Page 12893
This case is an appeal from an order of the probate court for the district of Trumbull (Chiota, J.), which denied the appellant's motion for order seeking both the removal of executors as well as an accounting and liquidation of the estate of F. Francis D'Addario (the decedent). The respondents have asserted that the appellant does not have standing to bring this appeal, and they have filed a motion for summary judgment seeking to have the appeal dismissed. The appellant contends that it has been aggrieved by the probate court's order, and seeks summary judgment affirming both its aggrievement and its standing to bring this appeal. The following facts are found from the parties' briefs and attached exhibits.
The decedent died testate on March 5, 1986. Lawrence D'Addario, David D'Addario and Albert Paolini (executors) were appointed the executors of his estate. In accordance with General Statutes § 45a-395 (a), the executors published a notice in local newspapers announcing September 11, 1986 as the bar date for creditors' claims. Respondents' Exhibit A. On July 24, 1936, the Bank of New Haven (bank) through its counsel, John Colleran, Esq. (Colleran) sent a letter purportedly as a notice of claim against the estate. Respondents' Exhibit B. The basis for the bank's claim was a demand note in the amount of $1 million given to the bank on May 31, 1985 by the decedent. Appellant's Exhibit K.
The estate and the executors were represented by Attorney Ronald Dederick (Dederick), who on July 30, 1986 replied to the bank's purported notice of claim by requesting a copy of the note as well as the amount of the outstanding principal and interest claimed as due under the note. Respondents' Exhibit C. Dederick requested a copy of the note as well as its outstanding balance of principal and interest in a second letter dated August 29, 1986. Respondents' Exhibit D. The bank never responded to Dederick's requests seeking clarification of its July 24, 1986 purported claim against the estate.
Colleran made demand for payment of the note again on March 7, 1989. Appellant's Exhibit L. The bank in July of 1990 served a complaint against the estate and its executors in the amount of the note, but failed to return the complaint to court. Appellant's Exhibit L.
The original probate court order of March 11, 1986 allowed potential creditors until September 11, 1986 to file their claims. The bank's claim CT Page 12894 of July 24, 1986 was sent within this time period. The estate and/or executors of the estate did not formally deny the bank's claim. Apparently, the only notice from the executors to the bank were the two letters from Dederick requesting a copy of the note as well as clarification of the exact balance due.
The estate on or about March 25, 1987 listed the bank's claim on its return of claims filed with the probate court, indicating that the aggregate unpaid amount was approximately $900,000. Appellant's Exhibit C. The estate on June 6, 1987 filed its United States estate tax return and listed the bank as having two claims, one in the amount of $811,749 and another in the amount of $67,578. Appellant's Exhibit D. On April 11, 1988, the estate filed an interim accounting with the probate court, listing the bank's claim in the amount of $877,822.13. Appellant's Exhibit E. A second interim accounting was filed on or about October 19, 1988, listing the bank's claim in the amount of $877,822.13. Appellant's Exhibit F. A third interim accounting was filed by the estate on February 16, 1990, listing the bank's claim in the amount of $810,244.13. Appellant's Exhibit G. On November 27, 1990, the estate filed its fourth interim accounting, listing the bank's claim in the amount of $810,244.13. Appellant's Exhibit H. A fifth interim accounting filed on May 8, 1992 again listed the bank's claim among the outstanding ante-mortem claims filed. Appellant's Exhibit I.
The bank sold the subject note to the appellant, The Cadle Company (Cadle), on September 23, 1994. Appellant's Exhibit J.
Cadle filed a motion for order with the Trumbull Probate Court on October 9, 1997, seeking the removal of the executors as well as an accounting of the estate. The executors on January 22, 1998 filed a motion to dismiss Cadle's motion, asserting that Cadle lacked standing to assert its motion for order to have the fiduciaries removed. The probate court on March 23, 1998 issued a memorandum of decision on the motion to dismiss, concluding that Cadle had asserted a valid claim against the estate which was not barred by any statute of limitations. Appellant's Exhibit L. Thus, the probate court determined that Cadle had standing to pursue its motion for order. However, Probate Court Judge John Chiota on April 29, 1993 denied from the bench the motion for order seeking removal of the executors and other relief.
This appeal from Judge Chiota's April 29th order was filed on June 25, 1998. The executors on May 25, 2000 filed a motion for summary judgment on the issue of Cadle's standing, alleging in the first instance that Cadle had not filed a valid claim against the estate pursuant to General Statutes § 45a-395, and therefore Cadle cannot not be aggrieved by the probate court's order. Cadle on June 25, 2000 filed a motion for CT Page 12895 summary judgment as to the validity of its claim against the estate of F. Francis D'Addario.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.)Appleton v. Board of Education, 254 Conn. 205, ___ A.2d ___ (2000); General Statutes § 17-49.
It is not disputed that the "Notice to Creditors of the Estate of F. Francis D'Addario" ordered that all claims be presented on or before September 11, 1986. It also is not disputed that on July 24, 1986, Colleran sent a letter on behalf of the bank, asserting in pertinent part the following:
 "Confirming our telephone conversation, please take this as notice to the executors, under the applicable rules and statutes, of claims against the estate of Francis D'Addario on behalf of the Bank of New Haven whom we represent. The claims are as follows:
 1) $1 million dollar note dated May 31, 1985, payable on demand, signed by Francis D'Addario. . . . All of the above figures are original amounts of the notes and the current balances are less.
 Since they are all demand notes, demand is hereby made for payment on each note . . .
 I request that you contact me to set up a conference to discuss the exact amounts due and owing on the above at the present time and the arrangements for restructuring all of the above debts."
Respondents' Exhibit B; Appellant's Exhibit B.
It is not disputed that Dederick, as the attorney for the estate, received this letter and then wrote to Colleran on July 30, 1986 and CT Page 12896 August 29, 1986, requesting copies of the notes referenced in the July 24th letter and the date of death balances and then current balances. The bank never responded to these requests.
The superior court in hearing an appeal from an order of a probate court in effect takes the place of the probate court and sits as the court of probate. Kerin v. Stangle, 209 Conn. 260, 263-65, 550 A.2d 1069
(1988). The superior court is to take jurisdiction of the order appealed from and try the issue de novo. Id. An appellant in a probate court appeal has the burden of proving aggrievement. Hill v. Falsey,17 Conn. Sup. 218, 220 (1951). Appeals from probate court orders to the superior court are available only to "[a]ny person aggrieved by any order . . . of a court of probate. . . ." General Statutes § 45a-186 (a). See also Lange v. Goldfarb, 169 Conn. 218, 220-21, 363 A.2d 110 (1975).
The respondents' motion for summary judgment is based on their conclusion that Cadle's assignor (the bank) did not properly comply with the claims statute, and therefore Cadle's claim is not valid. The Connecticut statutes contain a specific subpart pertaining to claims against decedents' estates for decedents dying prior to October 1, 1987, see General Statutes § 45a-390 et seq., which statutes apply in this case. Section 45a-391 provides that "[a] 11 claims presented against the estate of any deceased person shall be in writing, and, if required by the fiduciary of the estate or by the Court of Probate, any such claim shall be sworn to by the party presenting it." General Statutes §45a-395 provides further that "[a]ny creditor [who] fails to exhibit his claim to the fiduciary or his attorney as directed in [the probate court] order, within the time limited by such order, . . . shall be barred of [its] demand against [the] estate. . . . 7' and "[t]he amount of a claim may not be increased after the time for the presentation of such claim has expired." General Statutes § 45a 395(e).
These claims statutes were addressed in Roth v. Ravich, 111 Conn. 649,151 A. 179 (1930), involving a scenario in which the executor wrote to the creditor who responded directly on the executor's letter with the information requested about the amount of the note, current principal balance, rate of interest, payment dates, etc. The court allowed the claim as complying with the claims statutes, noting that "[t]he form of the writing is of little importance so long as it furnishes information to the executor of the extent of the demand and the character of the transaction out of which it grew. . . ." (Citations omitted.) Id., 654.
By comparison, Colleran's letter of July 24, 1986 sets forth the bank's claim as follows: "1. One million dollar note dated May 31, 1985, payable on demand, signed by Francis D'Addario. . . . All of the above figures are original amounts of the notes and the current balances are less." The CT Page 12897 court finds that this paragraph alone recites the amount of the note ($1 million), its origin (a demand note signed May 31, 1985 by the decedent), the extent of the demand and the character of the transaction out of which it grew. The letter also includes evidence of an existing and extensive banking relationship between the bank and the decedent, as follows:
 ". . ., the Bank of New Haven has enjoyed its financial relationship with the late Mr. D'Addario and his various corporations. As you understand, the demand made at the present time is for the purpose of preserving any necessary rights in connection with the probate of the estate. Bank records show that we have little information in connection with each of the individual corporations. Mr. Joseph Ciaburri, President, has requested that I inform you that he is more than willing to meet and work out a restructuring of all of the above accounts on any reasonable, acceptable basis.
 I request that you contact me to set up a conference to discuss exact amounts due and owing on the above at the present time and arrangements for restructuring all of the above debts."
Respondents' Exhibit B; Appellant's Exhibit B.
Eleven demand notes are listed in this letter, bearing dates from November 14, 1982 through the date of the note at issue in this case, being May 31, 1985. The letter was received by counsel for the estate prior to the bar date ordered by the probate court. The respondents do not cite any authority that expands the requirements set forth in §§ 45a-391
or 45a-395 (e) The court finds that the bank satisfied the statutory requirements for asserting a claim against the estate.
Moreover, the respondents' acceptance of the claim is evidenced not only by their consistent failure to disallow it, but also by their repeated listing of the bank's claim on the estate's return of claims. They also have received the benefits of the deduction in the United States federal estate tax return and state succession tax return. The court concurs with the opinion of Judge Chiota set forth in his March 23, 1998 decision on the motion to dismiss, that an estate should not be allowed to claim the validity of a claim in order to secure a deduction, then having obtained the deduction, refused to pay it as untimely or barred by the statute of limitations.
CT Page 12898 For the above reasons, the court concludes that Cadle is an assignee of a claim against the estate of the decedent. It is aggrieved by the probate court's denial of its motion for order removing the executors. Accordingly, the motion for summary judgment by the respondent executors of the estate (#142.25) is denied. The motion for summary judgment by the appellant Cadle (## 146 and 151) is granted as to the issue of its aggrievement.
ROBERT F. McWEENY, J.