BANK OF WASHINGTON v. THE CREDITORS OF SAID BANK.

*Practice—Appeal—Rights of Creditors.*

1. Where no error is assigned in the ruling of the court below, this
   court will, on appeal, affirm the judgment

2. A creditor, *bona fide* ignorant of proceedings had for the distribution
   of a fund, will be allowed to come in and prove his claim against the
   estate, after the time fixed for presentation and proof of claims.

(*Meekins* v. *Tatem*, 79 N. C., 546, cited and approved.)

APPEAL from an order made at December special term,
1877, of BEAUFORT superior court, by *Schenck, J.*

This was a proceeding under the act of March the 12th,
1866, enabling the banks of the state to close their business,
and at fall term, 1866, of the court of equity of Beau-
fort county, before *Barnes, J.*, a decree was obtained appoint-
ing John G. Blount a commissioner to receive the effects of
the bank, sell its real estate and advertise for all creditors to
establish their claims before the commissioner within
twelve months.   At fall term, 1867, before *Shipp, J.*, the
commissioner was ordered to divide the fund reported to be
in his hands upon the supposition that all who claimed to
be creditors had proved their claims, and that the residue

be invested and held subject to the further order of the court. At spring term, 1868, before *Warren, J.*, a contested claim of certain parties was decided, and the commissioner ordered to settle the same upon their filing with him a certain amount in bills of the bank. It was subsequently ordered that the commissioner make report of the condition of the assets in his hands. And at the said term in December, 1877, His Honor ordered that Calvin J. Cowles, upon his application, be allowed to file his bills with the right to share in the *pro rata* distribution of all assets except those already distributed, and directed the commissioner to make a full report to the next term of the court. From this order the commissioner appealed.

No counsel for plaintiff.
*Mr. G. H. Brown*, for defendant.

DILLARD, J. The plaintiff bank surrendered its charter and filed a bill in the court of equity to close its business under an act of the General Assembly, passed on the 12th of March, 1866; and in the course of the cause, John G. Blount by a decree of the court was appointed a commissioner to collect and apply the assets of the bank to the creditors and bill holders as he might be ordered. From time to time, orders of distribution were made, and at the special term of the court in December, 1877, on motion, Calvin J. Cowles was allowed to file certain bills belonging to him, so as to participate in the assets thereafter to come under the control of the court, and John G. Blount appealed from this order.

There is no statement of the case signed by the parties or by the judge who made the order appealed from, no errors are pointed out, and we are unable to pass on the correctness of the order allowing Cowles to file his bills. We know that in distributing a fund, courts of equity will allow a

creditor to come in subsequently to the time fixed for pre-
sentation and proof of claims against the estate, if he was
*bona fide* ignorant of the proceedings previously had; but
under what circumstances Cowles was allowed to file his
bills does in no manner appear, and we cannot therefore
review the order.  In such case, the settled practice of this
court is to affirm the order appealed from.  *Meekins* v. *Tatem*,
79 N. C., 546.

No error.          ·                        Affirmed.