ELIZA J. BUZZELL *vs.* THE AETNA INDEMNITY COMPANY
(THEODORE H. MACDONALD, INSURANCE COMMIS-
SIONER, *vs.* THE AETNA INDEMNITY COMPANY).

First Judicial District, Hartford, January Term, 1917.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The matter of extending the time within which a claim may be pre-
sented to a receiver, is one which rests in the legal discretion of
the trial court, and its decision will be reviewed on appeal only
when an abuse of that discretion is disclosed by the record.

Great liberality is ordinarily shown in extending the time, if the claim
to be presented is one of an incontestable class and the claimant
has not had notice and opportunity to come in within the time
theretofore limited; but where the belated claim requires separate
examination or liquidation on its own merits,—as in the present
case—and no special equity is shown, the general policy of the law
that estates should be speedily settled is entitled to great weight
in the determination of each case.

The facts in the present case reviewed and the refusal of the trial court
to extend the time *held* not to have been unreasonable or an abuse
of its legal discretion.

Argued January 3d—decided February 21st, 1917.

APPEAL by the plaintiff from the refusal of the Su-
perior Court in Hartford County, *Case, J.*, in receiver-
ship proceedings, to extend the time within which to file
her claim against the defendant company. *No error.*

*Clarence W. Bronson*, for the appellant (plaintiff).

*J. Birney Tuttle*, for the appellee (the receiver of the
defendant company).

BEACH, J.   The time limit for the presentation of
claims in this receivership finally expired, having been
once extended, on January 1st, 1912, and the single
question presented by this appeal is whether or not

the Superior Court erred in refusing the claimant's application for an additional extension of time within which to present her claim.

The application alleges, in substance, that the claimant is the widow and executor of the will of one Leslie A. Buzzell, late of Old Town, Maine, who at the time of his death was a member of a partnership composed of himself and one Mary A. Rhodes; that Mary A. Rhodes was appointed, in December, 1907, to administer the estate of the partnership, and gave a bond in the sum of $20,000, with the Aetna Indemnity Company as surety, for the faithful performance of her duties; that in November, 1912, an action was brought against Mary A. Rhodes to recover damages for negligence and malfeasance in administering the affairs of the partnership, and in January, 1916, a judgment was rendered against her for about $7,000.

The negligence and malfeasance whereby the condition of the bond was broken, occurred prior to the date of the appointment of the receiver in this action; and the applicant did not learn of the appointment of the receiver until some time "in the spring or fall of 1915." The application for this extension of time was not filed until June 12th, 1916. The affairs of the receivership are still unsettled and no dividend has yet been paid.

The trial court assumed that all of the allegations of fact contained in the claimant's application were true or capable of proof. Section 55 of the Rules of the Superior Court (Practice Book, 1908, p. 219) provides that "the court, for good cause shown, may extend the time for presenting a claim . . . to the receiver." It is not claimed that the applicant had any legal right to an extension of time. The matter is admittedly one for the exercise of discretion by the Superior Court. Where the belated claimant is one of a class of creditors

whose rights as a class are indisputable and whose claims as individuals are liquidated, such as bond-holders, holders of bank bills, bank depositors, and the like, the maxim that equality is equity applies with full force, and great liberality is exhibited in extending the time in favor of such claimants as have not had notice and opportunity to come in within the time theretofore limited. *Pattberg* v. *Pattberg & Bros.*, 55 N. J. Eq. 604; *Bank of Washingon* v. *Creditors*, 80 N. C. 9; *In re Ziegler*, 98 N. Y. App. Div. 117, 90 N. Y. Supp. 681. But when the belated claim is one which requires to be separately examined or liquidated on its own merits, other considerations are involved. The general policy of our law, as indicated by the statutes and rules of court, is that claims not presented within the time limited are barred, unless the claimant can show a special equity in his favor; and that the necessity of at least attempting to settle the estate speedily should have great weight in the determination of every case.

In the present case the allegations of the application, taking them to be true, show that the applicant, or her counsel, had notice of the appointment of the receiver "in the spring or fall of 1915," and was, presumably about the same time, informed that the limitation of time within which claims were to be presented had already expired. Nevertheless, this application was not filed until June 12th, 1916, and it does not satisfactorily explain this delay, or allege that Mary A. Rhodes is insolvent or unable to satisfy the judgment of the Supreme Judicial Court of Maine. Moreover, if we assume that all the allegations of the application are true, it does not follow that the applicant's claim is one that ought to be allowed by the receiver as a matter of course. It may be that he has a defense to it, in whole or in part, so that, if presented,

it will be his duty to contest it, or it may be that if the time were extended to permit the presentation of this claim, it would logically involve a permission to present other claims which might lead to further litigation and to delay in the settlement of the estate. This record does not purport to acquaint us with all of the circumstances bearing upon the exercise of the court's discretion in refusing to extend the time; and in view of all the circumstances, we cannot say that the refusal to extend the time was unreasonable or was an abuse of the legal discretion of the court.

There is no error.

In this opinion the other judges concurred.