FIRST NATIONAL BANK OF VINCENNES *v.* GREGG ET AL.

[No. 13,428. Filed January 29, 1930. Rehearing denied May 16, 1930.]

*Kessinger & Hill,* for appellant.

*Allen G. Pate, Cyrus E. Davis, Will R. Vosloh* and *Webster V. Moffett,* for appellees.

LOCKYEAR, J.—This is a proceeding arising in the matter of the receivership of the Elliston Gravel Company, wherein the First National Bank of Vincennes, appellant, filed its petition for permission to file with said receiver a claim upon six promissory notes executed by the Elliston Gravel Company to appellant. The court refused to grant said petition and refused to permit appellant to file its claim with the receiver.

The errors relied upon for reversal are the sustaining of the objections of certain creditors to the petition of the appellant for leave to file its claim, the overruling of the petition and application of the appellant for leave to file its claim, and the rendering of judgment against appellant on its said petition.

On July 10, 1926, the transcript shows that the receiver filed and presented to the court a motion asking the court to fix the time for filing of claims in this receivership. On the same day, the transcript shows that the court sustained the motion and fixed the time for filing of claims in this receivership at 60 days from that date, and ordered the receiver to give due and legal notice thereof, and the only notice given was by publication in the Bloomfield News.

On November 28, 1927, appellant filed its petition for permission to file its claim with the receiver.

The petitioner further shows that the first information it had that a time limit for the filing of claims had been fixed was during the week beginning November 14, 1927, and that it made and filed this petition at the earliest possible date after it received notice that a time limit had been fixed, and filed affidavits of W. H. Hill, C. B. Kessinger and J. B. LaPlant in support thereof.

Objections filed by certain creditors to the claim recite, among other facts, that, in accordance with said order, notice thereof was given by the publication of a notice in the Bloomfield News, a weekly newspaper of general circulation printed and published in the town of Bloomfield, in Greene County, State of Indiana, on July 15, 22, 29 and August 5, 1926, respectively, and that due proof of the publication was filed in said cause and court September 22, 1926, which said notice and proof of its publication are made a part thereof; that, notwithstanding the facts above mentioned, neither the First National Bank of Vincennes nor its attorneys made any attempt

to file its claim in this cause or with the receiver until November 3, 1927, and never made application for permission to file it until November 28, 1927; that, during all the time from the appointment of the receiver, March 19, 1926, until the filing of the application November 28, 1927, the law firm of Kessinger and Hill were attorneys for the receiver in this cause, and knew of the existence of the claim sought to be filed, and knew of the appointment of the receiver, and were compelled to take notice of the action of this court in this cause in all things, including the fixing of the time in which to file claims; that the receiver has had in his hands and available for distribution to the creditors of the Elliston Gravel Company a sum of more than $10,000 since July 14, 1927, and that both the receiver and Kessinger and Hill, his attorneys, have been requested prior to September 1, 1927, to declare a dividend to the creditors and distribute the funds available for that purpose; that no dividend has been declared or paid, and that no report or recommendation of claims filed or as to the allowance of the same has been made to the court. The objectors say they are informed that dividends have been held up on account of the failure of the First National Bank of Vincennes to file its claim with the receiver, and that the receiver and his attorneys, Kessinger and Hill, intend to further delay the distribution to creditors until this matter is determined.

The record of the court shows that the court had had submitted to it the verified petition of appellant for permission to file its claim with the receiver, together with the affidavits in support thereof, and also had had submitted to it the verified objections of the objecting creditors theretofore filed, and also heard testimony in evidence in the matter of the petition of appellant for permission to file its claim with the receiver, and, on said day, the court sustained the objections of the objecting

creditors to the petition of appellant for leave to file its claim with the receiver, and, on said day, the court sustained the objections of the objecting creditors to the petition of the appellant for leave to file its claim with the receiver of the Elliston Gravel Company, to which ruling appellant at the time excepted, and, at the same time, the court overruled the petition of appellant for leave to file its claim against the Elliston Gravel Company with the receiver and refused to permit said claim to be filed, to which ruling of the court, appellant at the time excepted.

We are unable to find any statute in Indiana requiring a court of equity handling a receivership to make an order fixing a time limit for filing claims, barring thereby any person who has a legitimate claim against the estate. It has been held in some jurisdictions that courts of equity have inherent power to prescribe a time limit within which claims must be filed, and to bar all claims not filed within the limit.   2 Tardy's Smith, Receivers (2d. ed.) pp. 1, 161; *Pottlitzer* v. *Citizens' Trust Co.* (1915), 60 Ind. App. 45, 108 N. E. 36; *Phelan* v. *Middle States Oil Corporation* (1926), 15 Fed. (2d) 88, 89; *Pennsylvania Steel Co.* v. *New York City R. Co.* (1915), 229 Fed. 120; *Leadville Coal Co.* v. *McCreery* (1891), 141 U. S. 475, 12 Sup. Ct. 28, 35 L. Ed. 824; *Dillingham, Rec.,* v. *Kelly* (1894), 8 Texas Civ. App. 113, 27 S. W. 806; *United States Trust Co.* v. *New Mexico* (1902), 183 U. S. 535 at p. 541, 22 Sup. Ct. 172, 46 L. Ed. 315.

Appellant herein contends that, if a reasonable excuse for delay in filing claim is shown, the creditor will be admitted at any time before the actual distribution, or even after partial distribution, if there be surplus in the hands of the receiver so as not to interfere with the payments already made, citing *Grinnell* v. *Merchants Ins. Co.* (1863), 16 N. J. Eq. 283; *Buzzell* v. *Aetna Indemnity Co.* (1917), 91 Conn. 359, 100 Atl. 32; *Pattberg* v. *Patt-*

*berg* (1897), 55 N. J. Eq. 604, 38 Atl. 205; *Bank of Washington* v. *Creditors* (1879), 80 N. C. 9; *In re Ziegler* (1904), 98 App. Div. 117, 90 N. Y. Supp. 681; Clark, Law of Receivers §759; *In re Marx* (1899), 43 Atl. (N. J. Ch.) 981.

We are of the opinion that courts of equity have the right to control the administration of a receivership therein, and the orders of the court will not be disturbed unless an abuse of discretion is clearly shown. In the case at bar, the claim of appellant seems to show it to be the largest creditor of the Elliston Gravel Company; that no distribution had been made of any of the assets at the time application to file its claim was made. Appellees charge that the delay was occasioned by appellant trying to collect the debt upon collateral security that it held. If this is true and appellant had been successful in collecting its debt in this manner, it might have been to the advantage of the other creditors. We are of the opinion that it was an abuse of discretion on the part of the trial court to deny the right of the appellant to file its claim.

Judgment reversed.