STATE OF INDIANA *v.* STOUT, RECEIVER.

[No. 15,055.   Filed April 19, 1935.   Rehearing denied
June 28, 1935.]

*Philip Lutz, Jr.,* Attorney-General, *Herbert J. Patrick,*
Deputy Attorney-General, and *Cloe, Campbell, Cloe &
Cloe,* for appellant.

Charles Remster, H. H. Hornbrook, Albert P. Smith, Paul Y. Davis, Kurt F. Pantzer, Ernest R. Baltzell, and William G. Sparks, for appellee.

BRIDWELL, J.—From the record in this cause it appears that on the 21st day of April, 1930, in a case then pending in the Superior Court of Marion County, Elmer W. Stout was appointed and qualified as receiver for, and with authority and directions from the court to continue the business of, the Terre Haute, Indianapolis & Eastern Traction Company, a public utility engaged in operating certain electric interurban lines and power plants which it owned, or leased from others.

On the following day, under leave of court, the Terre Haute Traction & Light Company filed its intervening petition, alleging, among other things, that its property had theretofore been leased by it to said Terre Haute, Indianapolis & Eastern Traction Company for a period of 999 years, and prayed that the receivership be extended to cover its properties. This petition was heard on the day of its filing, and the prayer thereof granted, and the receivership was extended to cover all properties and assets of said last named company.

Hereinafter, in this opinion, where it is necessary to refer to said corporations the one first above mentioned will be designated as the "Traction Company," and the other as the "Light Company."

On March 9, 1931, the Fidelity-Philadelphia Trust Company, Trustee, under mortgage executed by said Traction Company, filed its complaint in said Superior Court of Marion County praying for a foreclosure of its mortgage lien, and, by order of court, this cause and the original action wherein the receiver was appointed for said Traction Company, were consolidated.

On the 18th day of April, 1931, the receiver filed his petition to sell the property of said Traction Company. This petition, among other things, alleged the in-

solvency of said Traction Company, and inability to raise funds to pay its indebtedness, and prayed that after giving notice to all parties in interest, a hearing be had on the petition, and that the court determine the respective amounts and priorities of existing liens, and order a sale of all of the property and assets of said company free from liens.

On May 19, 1931, appellant (State of Indiana) was granted leave to intervene, and filed what is denominated as an answer to the receiver's petition to sell. This pleading was in two paragraphs, the first being a general denial, the second asserting a claim against the said Traction Company, and a lien against its property, by reason of the improvement of a part of the "National Road" (United States Road No. 40), by the Indiana State Highway Commission, which improvement included that portion of said highway occupied by the tracks of said Traction Company for a distance of 6,654 feet running east from the east corporate limits of the city of Richmond in Wayne county. The prayer of this paragraph was that appellant have judgment for $15,000; that its lien be foreclosed and declared to be superior and paramount to all claims and liens against the property of said Traction Company, except taxes.

During the course of the receivership proceedings, notice to creditors to file claims had been given under directions of the court, and hearings had been held on some claims, and others were still pending for determination, among which was the claim of appellant; asserted in its second paragraph of answer, which the court had continued for hearing until May 28, 1931.

On May 26, 1931, the receiver's petition to sell was heard by the court, this hearing resulting in a finding and decree for the sale of the property of said Traction Company upon terms and conditions set forth in such

decree. It was ordered that all property of said Traction Company, real and personal, of every kind, character and description whatsoever, including all franchises and choses in action which had come, or should thereafter come into the possession or under the control of said receiver, excepting cash and the accounts and/or loans receivable . . . and also except the lessor's interest in property owned by said Terre Haute Traction & Light Company, be sold. Article 9, clause (1) of said decree is as follows:

"The property herein directed to be sold insofar as the same, or any part thereof, may be subject to the prior lien of taxes and assessments lawfully levied or assessed thereon by the State of Indiana, or by any county or municipality thereof, shall be sold subject to any and all such prior liens."

In clause (2) of said article 9, it is provided that the purchaser of said property shall take the lease from said Light Company to said Traction Company subject to all unpaid rentals and taxes of every kind . . . which shall have accrued thereunder . . . up to the time of the delivery of such property to such purchaser, and subject to all other obligations imposed upon the lessee by the terms of said leases, or either of them, that have not been performed or fulfilled at the time of delivery of possession of said property to said purchaser. In said clause of said article the court reserves for future determination the question whether, and to what extent, any such accrued and unpaid rentals, taxes, or other liabilities should be considered in ascertaining the amount of the fund, if any, available for the payment of claimants who have heretofore established, or who shall hereafter establish their rights to preference in payment of their claims. Clause (7) of article 9, provides that the purchaser of said property shall take the same, subject to any lien rights of the State of Indiana, superior and prior to the lien of the mortgage from said Traction Company to said Fidelity-Philadelphia

Trust Company, trustee, arising out of the improvement of the national road east of Richmond, Indiana, and that neither the decree nor any sale made under it shall in any wise affect the right of the State of Indiana to assert and enforce any lien which it may have on account of the matters referred to in this clause of said article.

On May 28, 1931, the date when appellant's claim, asserted in its second paragraph of answer to the receiver's petition to sell, was set for trial, and within two days after the decree was entered on said petition to sell, this appellant filed its verified petition or application for leave to file additional claims, which application, omitting its formal parts, is as follows:

"The defendant, The State of Indiana, would represent and show to the Court that on the 19th day of May, 1931, its application for leave to intervene and file claims was granted and that on said date it filed an answer to the complaints herein and to the receiver's petition to sell property and fix and determine rights and priorities of the claimants in two paragraphs; the first paragraph was an answer of general denial and the second paragraph asserted a claim based upon an assessment made by the Indiana State Highway Commission against said Traction Company on account of materials and labor used in the repair of its tracks in Wayne County, Indiana. That at the time said application to intervene was filed by the undersigned attorneys they had neither notice or knowledge of the existence of additional claims held by this defendant, but have since been informed of their existence and of the fact that said receiver and the officers of said traction company had received notice and knowledge of such additional claims from the Indiana State Highway Commission.

"That on the 20th day of May, 1931, a decree of foreclosure and an order for the sale of property and assets of said Traction Company was duly entered of record in the above entitled cause, but by the terms of said decree (Article XX Sections 1, 2, and 3) it expressly provided for the further

determination of the rights of intervening petitioners and claimants asserting right to preferential payment and by the further order of this court such hearing of claims asserting preference was set for May 28, 1931, and now within the time allowed by law for creditors to intervene and file their claim this defendant asks leave to file additional paragraphs of answer to said Receiver's petition to fix and determine the rights and priorities of creditors, which additional paragraphs are based upon contract and statutory rights by the terms of which said Traction Company and its said Receiver have become indebted to this defendant in various amounts.

"That such additional claims arose out of the fact that repairs were made by the Indiana State Highway Commission to certain portions of the tracks of said traction company where they occupied portions of the State Highways and for compensation due the State of Indiana for the use of certain highway bridges which are briefly described as follows:

Paragraph 3. For repairs of tracks over bridge at Clinton, Indiana, on State Road 63.

Paragraph 4. For compensation for use of highway bridge at Terre Haute on State Road 40.

Paragraph 5. For compensation for use of highway bridge at Terre Haute on State Road 41.

Paragraph 6. For repairs to headwall seven miles west of Richmond on State Road 40.

"Defendant tenders herewith his third, fourth, fifth and sixth paragraphs of answer herein to assert said respective claims against said Traction Company and against Elmer W. Stout, Receiver of said Traction Company and its right to be preferred in the payment thereof.

"The defendant makes this application and tenders said additional claims at its earliest opportunity and within the time allowed by law.

"Wherefore, defendant asks leave to file such additional claims and paragraphs of answer which are tendered herewith and for all other proper relief."

With this application appellant tendered its additional claims for filing as additional paragraphs of

answer to the pleading theretofore filed by it on May 19, 1931.

Paragraph three of the tendered answer asserts a claim against said Traction Company and a lien on its property by reason of the improvement of a part of State Road 63 by the Indiana State Highway Commission, which improvement included that portion of said highway occupied by the tracks of said company where the highway crosses the bridge over the Wabash river at Clinton, Indiana. The prayer of this paragraph was that appellant have judgment for $12,000; that its lien be foreclosed and declared to be superior and paramount to all claims and liens against the property of said Traction Company except taxes.

Paragraph four alleges the granting of a franchise by the board of commissioners of Vigo County, Indiana, to the Light Company to operate its interurban cars over the Wabash river highway bridge at the city of Terre Haute, Indiana; the acceptance of said franchises by said Light Company upon the terms and conditions therein expressed, including a condition and covenant that said Light Company would pay for such franchise the sum of $1375 per annum on or before the 20th day of September of each year; the possession and use of said premises for the purpose granted, and the exercise of the rights granted by said franchise; the assignment, transfer and lease by said Light Company to said Traction Company of such franchise, and all rights and privileges granted therein, and the exercise of said rights and privileges by said Traction Company since March 25, 1907, the date of said transaction; that by the terms of said assignment said Traction Company assumed and agreed to pay all sums of money, and perform all the conditions specified in said franchise; the taking of possession by appellant on April 1, 1920, through the Indiana State Highway Commission, of the

said highway bridge, and the continuous control and maintenance thereof, since, as a part of State Road No. 3, now known and designated as United States Road No. 40; that said Traction Company and its receiver, since his appointment, have continued to use said bridge and to exercise the rights and privileges granted by said franchise; that said Traction Company paid to said Indiana State Highway Commission the annual payments falling due in the years of 1922 and 1923, and that no payments since the year of 1923 have been made by said Traction Company, its receiver, or by any other person, and that there is now due and unpaid the sum of $11,000; that the payment of said sums of money was a condition precedent to the rights of said Traction Company and of said reciver to hold and enjoy the privileges granted by said franchise; that said franchise was duly recorded, and that said Fidelity-Philadelphia Trust Company, trustee, took its mortgage, described in the receiver's petition to sell, with notice and knowledge that said Traction Company was using said bridge under and by virtue of said right of franchise, and that the payment of said sum of money annually was a condition precedent to the right to hold and enjoy said franchise. The prayer of this paragraph was for judgment in the sum of $11,000; that the claim be declared prior and superior to the claim of the trustee-mortgagee; that upon failure of the receiver to pay and discharge said claim that said franchise be declared forfeited, and said receiver enjoined from the further use thereof, and for all other proper relief. Copy of the franchise was made a part of said claim as an exhibit thereto.

Paragraph five is similar to paragraph four and asserts a claim under a franchise to operate interurban cars across a highway bridge over Lost Creek between the city of Terre Haute and North Terre Haute on

State Road No. 41, under a franchise granted to so do, which provided for an annual rental of $125 per annum. Judgment was demanded in the sum of $1,000, and further relief as requested in paragraph four, as heretofore stated.

Paragraph six asserted a claim for $89.20 for work and material furnished by appellant in repairing a headwall on United States Road No. 40, necessitated by the destruction of said headwall when an interurban car operated by said Traction Company left the track and right-of-way of said Traction Company and collided with and destroyed said headwall.

As heretofore stated, appellant's petition for leave to file additional paragraphs of answer was filed on May 28, 1931, the date which had been fixed for the hearing of the claim asserted in paragraph two of the original answer filed to the receiver's petition to sell, and the four additional paragraphs were tendered for filing at that time. The claim asserted in said paragraph two was not heard on this date, nor was any ruling made on appellant's intervening petition, and the matter was held in abeyance until the 20th day of March, 1933, when the court entered judgment as follows:

"Comes now the parties by counsel and the court having examined the State of Indiana's petition filed herein on May 28, 1931, asking leave of court to file additional claims and answers, now denies said petition, to which ruling of the court said petitioner excepts."

It is from this judgment of the court denying to appellant the right to file its additional paragraphs that this appeal is prosecuted under the following assignment of errors: "(1). The court erred in denying appellant's petition for leave to file additional claims in said cause. (2). The court erred in refusing to permit this intervenor, State of Indiana, to file additional paragraphs of claim based upon contracts and lien, which

application and proffered paragraphs of claim were tendered to said court for filing on May 28, 1931, before this intervenor's claim was called for trial."

The record before us presents for our determination but one question, Did the court err in denying appellant's petition to file additional claims? In considering this question we must keep in mind the fact, disclosed by the record, that appellant had already been admitted as a party, and had previously filed a pleading denominated as an answer to the receiver's petition to sell, in the second paragraph of which a claim and lien were asserted against the assets of the estate being administered in the interest of all creditors and stockholders of an insolvent corporation, by a receivership proceeding; that said second paragraph of such pleading was in fact a claim asserted against said receivership estate and was recognized and considered as such by the court and the parties; that the existence and priority of all claimed liens had not, at the time appellant sought to file its additional paragraphs of claim, been determined; that there had not at that time been any sale of the property ordered sold by the decree entered on the receiver's petition to sell, and that no distribution to creditors had been made.

In administering the estate of an insolvent by a receiver the court acts as a court of equity, and when a court of equtiy has taken jurisdiction of an estate by its receiver it is proper that any person whose rights may be adversely affected by the receivership proceedings be admitted as a party in order that he may assert and protect his interests. *The Cambria Iron Company* v. *The Union Trust Company, etc.* (1900), 154 Ind. 291, 55 N. E. 745, 56 N. E. 665; *Voorhees* v. *Indianapolis Car, etc., Co.* (1894), 140 Ind. 220, 227, 39 N. E. 738. The property of the insolvent is in the custody of the law, and usually, as in the

instant case, a sale of the property, in order that creditors' claims may be paid at least in part, is sought and had. It would seem that any creditor who presents to the court his petition for leave to file a claim or claims during the pendency of the receivership and before any sale of assets or distribution of funds, should be granted the right to so do in the absence of some showing by others (objecting creditors or other parties in interest) that to permit such action would be a substantial interference with their rights. No written objections by anyone appear in this record.

It may be properly said that courts of equity have an inherent power to control the administration of estates in receiverships pending therein, including the right to prescribe a time limit within which claims must be filed, and to bar all claims not filed within the limit fixed, but when such power has been exercised, and a time limit for filing claims fixed, the power of the court is not exhausted, and it does not necessarily follow that claims not filed are forever barred, and claimants not filing precluded from any participation in the funds derived from the sale of the assets of the insolvent. The matter is not regulated by statute in this jurisdiction. The general rule is stated in Corpus Juris, as follows:

"In general, where an order is given for the publication of a notice of a limitation of the time to file claims, and such notice is duly published, claims not filed within the time specified in the notice are precluded in that proceeding from sharing in the assets. This result is held to follow, however, only where there has been, in the meantime, a final distribution of the funds in the hands of the receiver, based upon claims proven, unless injustice would otherwise be done. . . . If a reasonable excuse for delaying to make an earlier claim is shown, the court may, in its discretion, permit a creditor to come in and prove his claim at any time before actual distribution, or even after partial pay-

ments, if there is a surplus in the hands of the receiver, so as not to interfere with payments already made." 53 Corpus Juris, sec. 394, page 237.

See also, *First National Bank of Vincennes* v. *Gregg* (1930), 91 Ind. App. 405, 169 N. E. 691; *In Re Studebaker-Wulff Rubber Company* v. *Bruguiere* (1929), 33 Fed. (2nd. Ed.) 1004; *Olcott* v. *Headrick* (1891), 141 U. S. 543, 35 L. Ed. 851.

Our Supreme Court, in deciding a cause wherein the modification of a decree of sale entered upon a receiver's petition to sell was involved, quoted with approval from a Federal case, as follows:

"It is always within the province of the court of equity at any term of the court to modify the terms of the decree so as justly and equitably to enforce its judgment and render to the parties that to which they are entitled." *Union Trust Company* v. *Curtis* (1914), 182 Ind. 61, 71, 105 N. E. 562.

In view of the facts disclosed by the record, we are of the opinion that there was an abuse of judicial discretion on the part of the trial court, and that such court should have permitted appellant to file its tendered claims. Judgment reversed with instructions to permit the filing of said claims, and for further proceedings not inconsistent with this opinion.