IRVING G. RICHEY *vs.* FIRST NATIONAL BANK AND TRUST COMPANY, EXECUTOR (ESTATE OF SAMUEL Z. FIELD).

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 7th—decided December 9th, 1937.

*Benjamin Slade* and *Louis Weinstein,* for the appellant (defendant).

*Harrison Hewitt* and *Morris Tyler*, with whom, on the brief, was *William B. Gumbart*, for the appellee (plaintiff).

MALTBIE, C. J. According to the finding the plaintiff owned a note secured by a mortgage executed by Samuel Z. Field in the amount of $56,000, dated May 1st, 1918, and payable on or before twenty years after date, with a provision that interest was to be paid semi-annually and that if any payment should remain in default for fifteen days after it was due the principal should immediately become due at the option of the holder. Field died February 19th, 1934, and at that time the interest was fully paid up. The defendant is executor of Field's estate. The Court of Probate limited six months from March 7th, 1934, for the presentation of claims. The executor paid the interest due on the mortgage debt on May 1st, 1934, but default was made on the payment due on November 1st, 1934. The plaintiff presented no claim against the estate within the time limited by the probate order. He did not know that the law required the Court of Probate to limit a time for the presentation of claims or that the court had made such a limitation or that there was anything he could or should do to protect his rights or that he had a presentable claim based on the mortgage, as he did. *Roth* v. *Ravich,* 111 Conn. 649, 652, 151 Atl. 179. After the default in payment of the interest due November 1st, the plaintiff twice interviewed the officer of the defendant who was in charge of the estate and at the second interview he first learned that he should have presented a claim and that the time to do so had expired. He thereupon promptly applied to the Court of Probate for an extension of time in which to present it; the Court of Probate denied the application; he ap-

pealed to the Superior Court, which sustained the appeal and granted him thirty days in which to present his claim; and the defendant has appealed from that judgment to this court.

In determining whether an extension of time to present claims should be granted, the Court of Probate ordinarily exercises a discretion and the Superior Court reviews its action only to determine whether that discretion has been legally and reasonably exercised. *Reiley* v. *Healey*, 122 Conn. 64, 79, 187 Atl. 661. In the instant case, however, the record suggests no consideration which entered into the decision of the Court of Probate other than the fact that the plaintiff's ignorance of the requirements of the law that he should present a claim against the estate was not ground for extending the time, and we regard that issue as determinative of the correctness of the action of the trial court.

Previous to 1899 the statute requiring the presentation of claims against a solvent estate of a deceased person within a time fixed by the Court of Probate contained no exception. *Cone* v. *Dunham*, 59 Conn. 145, 161, 20 Atl. 311. In that year a statute was passed which, somewhat changed and expanded in the Revisions of 1902 and that of 1918, is now in effect as follows: "Such court may, for cause shown upon hearing after public notice, limit a further time for the presentation of claims not exceeding the period which it might have originally limited; and may, if any creditor, through no default of his own, shall have failed to have presented his claim within the time limited, for cause shown upon hearing after public notice, extend the time for such creditor to present his claim not more than thirty days beyond the period which it might have originally limited." Public Acts, 1899, Chap. 224; Revision 1902, § 326; Revision 1918, § 4983; Revision 1930, § 4914. The purpose of this

law was evidently to relieve against hardships due to the strict provisions of the statute as it had previously stood. The Legislature, however, obviously did not intend to give to the Court of Probate any general power to extend the time to present claims but one which was restricted, its exercise depending upon a finding that the claimant was without "default of his own" and that there was "cause," or as expressed in the Act of 1899 and the Revision of 1902 "good and sufficient cause" for granting it. "The purpose of the statute as a whole remains, however, for 'the security and benefit of . . . estates;' 'to produce a speedy settlement of estates and the repose of titles derived under persons who are dead' (*Cone* v. *Dunham*, supra, p. 161), 'to ensure . . . that the executor shall know exactly what the claims are'. *Roth* v. *Ravich*, 111 Conn. 649, 653, 151 Atl. 179." *Wright* v. *Wright*, 121 Conn. 115, 117, 183 Atl. 410.

The question of the right of the court to extend the time for presenting a particular claim against a solvent estate cannot be considered apart from the provision in § 4914 permitting a general extension for the presentation of claims "for cause shown," "not exceeding the period which it might have originally limited," and that in § 4925 permitting an extension of time for presenting a claim against an insolvent estate "for good and sufficient cause shown" "not exceeding thirty days beyond the time it might have originally limited;" for if plaintiff's ignorance of the law in this case justified an extension, a similar situation would justify it under these other provsions.

If a plaintiff's ignorance that, if he was to secure payment of the indebtedness to him upon the basis of the decedent's personal liability, he must present the claim, is to be regarded as a cause for extension, it is difficult to see why in any case ignorance of a creditor

that he must present a claim in order to secure payment of the debt of a deceased debtor would not also constitute such a cause. Nor is it possible to distinguish such ignorance from ignorance that a time had been duly fixed by the Court of Probate for the presentation of claims followed by the requisite notice; for, as we said in *Home Owners' Loan Corp.* v. *Sears, Roebuck & Co.*, 123 Conn. 232, 242, 193 Atl. 769, the presumption arising out of the recording of an instrument upon the land records is no stronger than the presumption that one knows the law; and the converse of that is also true; the presumption of notice of the limitation of a time for presenting claims which has been duly fixed is as strong as that one knows the law. The underlying reason and effect of the latter presumption has been too recently stated by us to require repetition. *Atlas Realty Corp.* v. *House,* 123 Conn. 94, 101, 192 Atl. 564. Practically in most cases where ignorance of the law would be advanced as a reason for extending the time it would not be possible to determine whether that was the true cause or the application for an extension actually resulted from a change of mind on the part of the claimant after the time set had expired.

In *Buzzell* v. *Aetna Indemnity Co.,* 91 Conn. 359, 100 Atl. 32, we considered the provision in the rules of court that an extension of time to present claims against a receiver might be granted for good cause; Practice Book, § 240; and we said (p. 360): "Where the belated claimant is one of a class of creditors whose rights as a class are indisputable and whose claims as individuals are liquidated, such as bondholders, holders of bank bills, bank depositors, and the like, the maxim that equality is equity applies with full force, and great liberality is exhibited in extending the time in favor of such claimants as have not had notice and opportunity to come in within the time theretofore

limited." The plaintiff in his brief quotes this language, but omits that which follows: "But when the belated claim is one which requires to be separately examined or liquidated upon its own merits, other considerations are involved. The general policy of our law, as indicated by the statutes and rules of court, is that claims not presented within the time limited are barred, unless the claimant can show a special equity in his favor; and that the necessity of at least attempting to settle the estate speedily should have great weight in the determination of every case." The history of the provision allowing an extension of time to present a claim against the estate of a deceased person shows that certainly no greater latitude may be given than indicated in that opinion.

It is true that equity will often relieve against mistakes of law, but the cases in our court where such relief has been granted go no further, in the absence of some independent equity, than to grant relief in that class of cases where there has not been a mere error of law but that error is the underlying cause of a mistake of fact. 2 Pomeroy, Equity Jurisprudence (4th Ed.) § 849. Thus in *Park Brothers & Co., Ltd.* v. *Blodgett & Clapp Co.*, 64 Conn. 28, 29 Atl. 133, and *Allis* v. *Hall*, 76 Conn. 322, 56 Atl. 637, the mistake consisted in the fact that a written contract did not express the real agreement of the parties; and in *Bronson* v. *Leibold*, 87 Conn. 293, 87 Atl. 979, the plaintiff mistakenly believed the fact to be that he had forfeited his rights under the contract in question.

The plaintiff calls attention to *Northrop* v. *Graves*, 19 Conn. 548, where an executor paid a legacy to one not entitled to receive it under a mistake as to the terms of the will and was permitted to recover it, and where we said (p. 560): "That a party may not urge his ignorance of the law as an excuse

or palliation of a crime, or even of a fault, we may admit; that he may not, by reason of such ignorance, or mistake, obtain any right or advantage over another, we may admit; but we do not admit, that such other may obtain or secure an unjust advantage over him, by reason of his ignorance or mistake, even of the law. We agree, that men should not complain of the consequences of their deliberate and voluntary acts; but we do not agree, that acts performed under the influence of essential and controlling mistakes, are voluntary, within the meaning of the maxim referred to [Volenti non fit injuria]. And we say, that neither maxims of law, nor fictions of law, should be so applied as to work manifest injustice." That was a case in which the question was as to the right of a party to recover money paid under a mistake, and the court was careful to point out (p. 554) that it was not deciding that "money paid by a mere mistake in point of law, can be recovered back." The basis of a recovery under such facts is thus stated in *Monroe National Bank* v. *Catlin,* 82 Conn. 227, 231, 73 Atl. 3: "The appeal to which the courts listen is one to the principles of equity. It is only when one has obtained such an advantage over another by reason of that other's mistaken view of his legal rights that it would, under the circumstances, be unconscionable for him to retain it, that a situation created by the fair conduct of the parties will be disturbed." In *Bridgeport Hydraulic Co.* v. *Bridgeport,* 103 Conn. 249, 261, 130 Atl. 164, and *Enfield* v. *Hamilton,* 110 Conn. 319, 331, 148 Atl. 353, the unconscionable enrichment of the person receiving the advantage is in effect recognized as creating an independent equity. Moreover, the situation presented in those cases is not analogous to the one before us, because there only the question of individual rights was concerned, whereas here the question also in-

volves a matter of legislative intent upon a question of public policy.

In *Usher* v. *Waddingham,* 62 Conn. 412, 429, 26 Atl. 538, we said: "It is settled by a great multitude of cases as the ordinary rule that a person cannot show his own ignorance of the law for the purpose of avoiding the application of that law to known facts. This is unquestionably the rule as applied in courts of law. . . . The rule in equity does not differ materially from the rule so laid down. In Pomeroy's Eq. Jur., § 845, it is stated that 'the doctrine is settled that in general a mistake of law pure and simple is not adequate ground for relief. When a party with knowledge of all the material facts, and without any other special circumstances giving rise to an equity in his behalf, enters into a transaction affecting his interest, rights and liabilities, under an error in respect to the rules of law controlling the case, courts will not in general relieve him from the consequences of his mistake.' "

While the question whether the plaintiff's ignorance of the law requiring the presentation of the claim would be a ground which equity would recognize as a basis for some appropriate relief is not of course determinative of the question of the intention of the Legislature in requiring that cause be shown as a basis for granting an extension of time to present a claim, yet the cases dealing with it are sufficiently analogous to afford considerable light. Where to them is added the history and purpose of the provision and the practical considerations to which we have referred, we are brought to the conclusion that the plaintiff's mere ignorance of the fact that his claim was one which should be presented is not cause for granting him an extension of time. *Roaf* v. *Knight,* 77 Iowa 506, 42 N. W. 433; *In re Palmer's Estate,* 212 Iowa 21, 236 N. W. 58.

There is error, the judgment is set aside and the case remanded to the Superior Court with direction to dismiss the appeal.

In this opinion the other judges concurred.