EDWARDS *v.* WILLIAMS.

(In Banc. May 22, 1944.)

[18 So. (2d) 128. No. 35631.]

**O. B. Triplett, Jr.,** of Forest, for appellant.

**S. M. Graham,** of Meridian, for appellee.

**McGehee, J.,** delivered the opinion of the court.

After his appointment by the court below to receive and distribute to certificate holders the proceeds of the suit of the First National Bank of Meridian v. Pearson et al. (Miss.), 10 So. (2d) 178, and which litigation was compromised and settled by the parties upon reversal and remand, the appellee, E. B. Williams, Receiver, was authorized and directed by the chancellor to publish notice in the Meridian Star, a local newspaper, requiring all who were entitled to participate as certificate holders in the trust estate of the old First National Bank of Meridian, which suspended operation because of insolvency on January 13, 1931, to prove their claims before the chancery clerk, on forms provided therefor, before the fourth Monday of February 1943, and he was also ordered to give further notice by mail to each of such persons at his or her last known address ''as shown by list of certificate holders now held by the First National Bank in Meridian.'' Thereupon, notice was accordingly published in the newspaper, but the list of certificate holders referred to contained only the names of those entitled to participate in the funds in the hands of such receiver and the amounts represented by their certificates, respectively, but not their last known address; hence no notice was mailed to the appellant, Mrs. M. E. Edwards, who resided at Morton, Mississippi, and who neither knew of the appointment of the appellee nor of the fact that a fund was to be distributed to the certificate holders until she was informed by a local acquaintance at Morton on March 13, 1943, that such was the case. She had neither seen nor heard of the notice in the Meridian paper. Upon learning of the proposed distribution of a first dividend, she went to Meridian on that same day and probated her claim in regular form in the sum of $1,157, the correct amount due.

It further appears that upon the expiration of the time allowed by the newspaper publication for probate of such

claims, the court below declared a 7½% dividend payable to those who had complied with the terms of such notice, and caused all funds then on hand to be distributed accordingly.

However when appellant later presented her claim as aforesaid and asked to be allowed to share in the first dividend of 7½% as well as those subsequently to be made, the receiver had on hand additional funds, amounting to $49,000, which had not been distributed, and sufficient to pay not only the 7½% dividend then due to appellant; but also to every other certificate holder who had filed late because of such want of notice. Having been denied the right to participate so far as this first dividend is concerned, she has prosecuted this appeal.

Section 5254, Code of 1942, provides that notice to depositors to prove their claims must be made by the receiver (1) by newspaper publication; and (2) by mailing a copy of the notice ''to all depositors and creditors as shown by the books of the bank, at their last known post-office address.'' However, the claim of the appellant here was not denied because of failure to comply with a notice given pursuant to the statute in a general receivership matter, but rather on account of the failure of the claimant to prove her claim pursuant to an order of the court in a purely administrative proceeding. The appellee is merely the custodian of a fund for distribution to the beneficiaries of the proceeds of a lawsuit which had been compromised and settled, and it was therefore clearly within the sound judicial discretion of the trial court to permit the appellant to intervene and file her claim to a portion of the fund after the expiration of the time allowed by the order of the court for that purpose. ''This conclusion holds true particularly in cases where, in addition to the claimants excuse for not earlier filing his claim there were circumstances calling for the application of equitable principles, regardless of the delay, and where no particular harm would result to anyone from the allowance of the delayed claim, or where the estate is undistributed

at the time of the actual filing.'' 45 Am. Jur. 192, Section 247. The rule is also stated in 53 C. J. 237, Section 394, as follows: ''In general, where an order is given for the publication of a notice of a limitation of the time to file claims, and such notice is duly published, claims not filed within the time specified in the notice are precluded in that proceeding from sharing in the assets. This result is held to follow, however, only where there has been, in the meantime, a final distribution of the funds in the hands of the receiver, based upon claims proven, unless injustice would otherwise be done. . . . If a reasonable excuse for delaying to make an earlier claim is shown, the court may, in its discretion, permit a creditor to come in and prove his claim at any time before actual distribution, or even after partial payments, if there is a surplus in the hands of the receiver, so as not to interfere with payments already made.'' See also Grinnell v. Merchants' Ins. Co., 16 N. J. Eq. 283; Odell Hardware Co. v. Holt-Morgan Mills, 173 N. C. 304, 92 S. E. 6; Albright v. Sunset Motors, 148 Wash. 348, 268 P. 1036. Where receiver has sufficient assets in his hands, he will be required to pay the same dividend on an unpaid claim as he has paid on other claims, although such claim was not proved against the estate within the time required. People v. Remington, 59 Hun. 282, 12 N. Y. S. 824, 14 N. Y. S. 98 (affirmed 126 N. Y. 654, 27 N. E. 853).

A claim should be admitted at any time before the actual distribution, or even after partial distribution, if there be a surplus in the hands of the receiver so as not to interfere with the payments already made: First National Bank v. Gregg, 1930, 91 Ind. App. 405, 169 N. E. 691. We are therefore of the opinion that the action of the trial court herein complained of was not taken in the proper exercise of judicial discretion, but rather upon the theory that said Section 5254, Code of 1942, supra, had been complied with by the receiver or custodian of the funds as to giving notice, and that the failure of the claimant to file the claim within the time allowed by the·

notice would as a matter of law defeat her right to participate in the first dividend which had been previously paid. We think that equity requires that the claims which were filed late in proper form should have been paid out of the additional funds received by the custodian, which should have been retained undistributed pending the outcome of this case.

The decree of the court below will therefore be reversed and a decree rendered here in favor of the appellant for the amount of the dividend in controversy. Reversed and judgment here for the appellant.

PARTIALLY DISSENTING OPINION.

**Smith, C. J.**, delivered a partially dissenting opinion.

I am of the opinion that the case should be remanded to the court below for the rendition of a decree in accordance with the facts as they may then appear. For aught we know, something may have occurred since the rendition of the decree appealed from that would affect the appellant's right to a decree against the appellee.