### In re NUDING'S ESTATE.

County Judge's Court, Palm Beach County.

April 23, 1954.

Whitehead & Whitehead, Anderson, Indiana, and Wideman, Caldwell, Pacetti & Robinson, West Palm Beach, for claimant.

McGee, McGee & Ewing, Lake Worth, for the estate.

RICHARD P. ROBBINS, County Judge.

Charles Phillips, a claimant against the estate of H. C. Nuding, deceased, has brought before the court objections to the final discharge of the personal representative, a motion for leave to file amended proof of claim and a petition for an extension of time within which to file suit upon his purported claim.

Nuding died on January 27, 1953, his will was probated and letters testamentary issued to his executor on February 2 of that year. The executor published a notice to creditors requiring claims to be filed against the estate within eight calendar months from the time of the first publication thereof, which was February 5. On July 13 Phillips filed what purports to be a proof of claim for $5,000. The nature of the claim is not set out. It is verified by the claimant's affidavit, which simply states that "the above account" against the estate is "correct" and that the balance shown of $5,000 is now justly due and owing to affiant. On September 16 the executor filed an objection to the claim accompanied by a

certificate of one of his attorneys that he had on that day mailed a copy thereof by registered mail to Whitehead & Whitehead, attorneys for the claimant, and a copy by registered mail to the claimant.

On September 24 Wm. Catlin Whitehead of Anderson, Indiana, one of the claimant's attorneys, addressed a letter to the court advising that the claim was being handled by Cecil F. Whitehead who had left for West Berlin, Germany, on a business trip and requested that all proceedings in connection with the claim be held in abeyance until his return. A copy of this letter was sent to the attorneys for the executor. No further action was taken on the claim and on March 24, 1954 a final account and petition for discharge was filed showing that distribution of the assets of the estate had been made. Notice of the application was duly published stating that the same would be presented to the court for approval on April 20. It was not until April 15 that claimant filed his objections to the final discharge and now seeks an extension of time for the filing of an amended claim and instituting suit thereon. The amended claim proffered by claimant does not set forth an express contract by the decedent to pay him for services alleged to have been performed, but merely recites several occasions when the decedent and his wife went to Anderson, Indiana and lived with him for several weeks at which times claimant at decedent's request did not engage in his regular occupation and employment, and two occasions when claimant made trips to Florida to care for decedent and his wife.

The statute pursuant to which claimant's application is filed, section 733.18(2), Florida Statutes 1953, provides in pertinent part as follows—

> On or before the expiration of ten calendar months from the first publication of notice to creditors, any personal representative . . . . may file . . . . written objection to any claim or demand filed; and if such objection is filed, the claimant shall have twelve calendar months from the first publication of notice to creditors in which to bring appropriate suit, action or proceeding upon such claim unless the time is limited as hereinafter provided.

and further that—

> If objection is filed, the person filing it shall serve a copy of such objection by registered mail or personal service on the creditor to whose claim he objects . . . . In such event, the claimant shall be limited to two calendar months from the date of such service within which to bring appropriate suit, action or proceeding upon such claim.

and further that—

> The county judge for good cause shown may . . . . extend the time for filing appropriate suit, action or proceedings upon such claim after objection is filed; * * *

The personal representative has resisted the extension of time applied for by insisting upon his final discharge. In this, his position is quite correct. "It is as much the duty of executors and administrators to insist on this defense [the statute of non claim] as any other; hence it is held that they incur a personal liability to anyone who may be injuriously affected thereby, if they fail to plead or invoke this special bar whenever it is applicable." 2 Woerner, American Law of Administration, 3rd Ed., vol. 2, page 1318. See also Patterson v. Cobb, 4 Fla. 481.

That a county judge has power, within his discretion, to extend the time for filing suit, upon good cause shown, even though the time has expired before the application for such extension is made, has been settled by our Supreme Court in the case of Re Estate of Jeffries, 181 So. 833. In that case the Court said—"The grounds on which such extensions are decreed are to be determined by a county judge having authority under the constitution to exercise judicial power of the state." And further that—"The adjudication is to be governed by a given standard of judicial action, viz: 'good cause shown.'" See also Atlantic National Bank of Jacksonville, as Executor, etc., v. Kirkwood (Fla.), 10 So. 2d 743.

Facts presented to the court in this case disclose that the claimant consulted a local attorney about his claim but that the claim was not filed by such local attorney but was prepared later in the office of a firm of attorneys in Anderson, Indiana, who later represented the claimant and filed a belated pleading entitled—"Petition to Pursue Claim." It seems clear that the failure to file suit within the time limited by the statute was due to the absence of one of the members of the Indiana firm who went to Germany on a business trip and to a mistake as to the laws of Florida governing proceedings to enforce claims against estates of decedents.

There is a tendency by the courts to be lenient with creditors who in good faith and without laches endeavor to comply with the substantial and essential requirements of the statutes of non claim, especially where it does not appear that the time has been so long as to interfere with the orderly administration of the estate. But in this case assets of the estate have been lawfully distributed and the personal representative has advertised for his final discharge.

Is the mistake of law on the part of claimant "good cause shown" under such circumstances? I think that it is not.

In a case before the Supreme Court of Connecticut, Richey v. First National Bank & Trust Co., 195 Atl. 732, involving the presentation of a claim against an estate after expiration of the time limited by the court for that purpose, that court, quoting from one of its earlier decisions, said at page 735—

"It is settled by a great multitude of cases as the ordinary rule that a person cannot show his own ignorance of the law for the purpose of avoiding the application of that law to known facts. This is unquestionably the rule as applied in courts of law. * * * The rule in equity does not differ materially from the rule so laid down. In Pom. Eq. Jur., Sec. 845, it is stated that 'the doctrine is settled that in general a mistake of law, pure and simple, is not adequate ground for relief . . . .' "

and that court further stated that—

While the question whether the plaintiff's ignorance of the law requiring the presentation of the claim would be a ground which equity would recognize as a basis for some appropriate relief is not of course determinative of the question of the intention of the Legislature in requiring that cause be shown as a basis for granting an extension of time to present a claim, yet the cases dealing with it are sufficiently analogous to afford considerable light. When to them is added the history and purpose of the provision and the practical considerations to which we have referred, we are brought to the conclusion that the plaintiff's mere ignorance of the fact that his claim was one which should be presented is not cause for granting him an extension of time.

It is ordered that the objections to the final discharge of the personal representative, the motion for leave to file an amended claim and the petition for an extension of time in which to file suit thereon be and the same are severally denied.